## CRYSTAL ICE COMPANY *v.* MORRIS.

[No. 19,745.   Filed May 26, 1903.]

160  651
163  573

APPEAL AND ERROR.—*Motions.*—Prior to the passage of the act of 1903 (Acts 1903, p. 339), providing that motions to insert or strike out any pleading or parts of a pleading must set forth the words to be inserted or stricken out and the motion and ruling thereon shall be a part of the record without a bill of exceptions, the ruling of the court in sustaining in part and overruling in part a motion to strike out can not be reviewed on appeal, where the motion and the ruling thereon are not brought into the record by bill of exceptions or order of court. *pp. 652, 653.*

LANDLORD AND TENANT.—*Lease.*—*Complaint.*—Where property was leased for a period of ten years with the right on the part of the lessee to continue the same for an additional term of ten years on the same terms, with the exception that the rent for the second period of ten years should be $150 a year instead of $50 a year, a complaint to recover the first year's rent of the second period of ten years under the lease must show by direct averments, or by facts alleged, that defendant not only continued to hold possession of the leased premises, but that such possession was continued under the terms of the lease. *pp. 652-654.*

From the Superior Court of Madison County; *H. C. Ryan*, Judge.

Action by William R. Morris against the Crystal Ice Company. From a judgment for plaintiff, defendant

appeals. Transferred from Appellate Court, under §1362 Burns 1901. *Reversed.*

*M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellant.

*F. A. Walker* and *F. P. Foster,* for appellee.

MONKS, C. J.—It appears from the record that appellee was the owner of the real estate described in the complaint, and that he executed a written lease of the same, to be used as an ice pond for a period of ten years from January 1, 1888, for $50 a year, to be paid the 1st day of July of each year, with the right, on the part of the lessee, to continue the same for an additional period of ten years on the same terms, with the exception that the rent for the second period of ten years was to be $150 a year, provided the lessor did not "discontinue the use of said real estate as a pond." The lessee was given the right to erect buildings on said real estate for the storage of ice gathered on said pond, and the right to place machinery thereon for harvesting the ice, and at the termination of said lease to remove any and all buildings and machinery placed thereon.

Appellee brought this action to recover the first year's rent of the second period after ten years under said lease. Appellant's demurrer for want of facts to the complaint, which was in one paragraph, was overruled. A trial of said cause by the court resulted in a finding and judgment against appellant. The ruling of the court on said demurrer is assigned for error.

The clerk has copied into the transcript a motion to strike out parts of the complaint, and an entry showing that said motion was sustained in part and overruled in part by the court. It has been held by this court that the ruling of the trial court sustaining a motion to strike out a part or all of a pleading and the motion to strike out are not in the record unless brought in by a bill of exceptions or an order of court. If there is no such bill of exceptions or order of court, there

is nothing in the record to show that any such motion or ruling was made. *Dudley* v. *Pigg,* 149 Ind. 363, 369; *State, ex rel.,* v. *Halter,* 149 Ind. 292, 303, 304; *Corbey* v. *Rogers,* 152 Ind. 169, 170; *Balue* v. *Richardson,* 124 Ind. 480, 481; *Holland* v. *Holland,* 131 Ind. 196, 200; *Berlin* v. *Oglesbee,* 65 Ind. 308, 310; *School Town of Princeton* v. *Gebhart,* 61 Ind. 187, 197; *Broker* v. *Scobey,* 56 Ind. 588, 590; *Thomas* v. *Passage,* 54 Ind. 106, 110, 115; *Greensburg, etc., Turnpike Co.* v. *Sidener,* 40 Ind. 424, 426; *Manhattan Life Ins. Co.* v. *Doll,* 80 Ind. 113, 115. After a careful consideration of the question, we adhere to said rule. The rule on this subject was materially changed by the General Assembly at its last session. Acts 1903, p. 339, §§2 and 3. Under §2 of said act all motions to insert or strike out any part or parts of any pleading, deposition, report, or other paper must be in writing, and set forth the words to be stricken out or inserted. This rule is mandatory, and such motion can not be made in any other manner after the taking effect of said act on April 23, 1903. If so made, the motion, ruling of the court, and words to be stricken out or inserted will be a part of the record without a bill of exceptions or order of court under §3 of said act. The motion to strike out in this case was made long before said act of 1903 was passed, and said sections, therefore, do not control or affect the questions presented here. As the motion to strike out parts of the complaint and the ruling of the court thereon are not brought into the record by a bill of exceptions or order of court, they form no part thereof, although copied into the transcript by the clerk. The record does not show, therefore, that any part of the complaint was stricken out, and we are required to consider the same as copied into the transcript. *Dudley* v. *Pigg,* and other cases cited, *supra.*

No facts showing that appellant had elected to hold the leased premises for the additional period of ten years provided for in said lease were alleged in the complaint, as was done in *Terstegge* v. *First German, etc., Soc.,* 92 Ind. 82,

47 Am. Rep. 135, and *Kramer* v. *Cook,* 73 Mass. 550, but only matters admissible in evidence to sustain such allegations were averred. Facts showing that appellant had elected or exercised its option to hold the leased premises for the second period of ten years should have been averred, and it was not sufficient merely to allege matters admissible in evidence to support the same. It is true that there is an allegation that appellant "continued to hold possession of said premises after the 1st day of January, 1898," the time when the first period of ten years expired, but it is not shown by direct averment, or by facts alleged, that such possession was continued upon the terms of said lease. For aught that appears in the complaint, such possession may have been under another agreement, and not under said lease.

It is clear that the court erred in overruling the demurrer to the complaint. Judgment reversed, with instructions to sustain the demurrer to the complaint.