## ROSE v. ARFORD ET AL.

[No. 21,303. Filed May 13, 1909.]

APPEAL.—*Briefs.*—*Failure to File.*—*Reversal.*—Where appellees fail to file a brief, or to show an excuse therefor, the Supreme Court may, in its discretion, reverse the judgment.

From Wells Circuit Court; *Charles E. Sturgis*, Judge.

Application by James C. Rose for license to retail intoxicating liquors, against which Marvin J. Arford and others remonstrate. From a judgment for remonstrants, the applicant appeals. *Reversed.*

*William Fruechtenicht* and *Elmer Leonard*, for appellant.

JORDAN, C. J.—Appellant, at the October session, 1907, of the Board of Commissioners of the County of Huntington, applied to said board for a license to sell at retail intoxicating liquors on certain described premises in the town of Roanoke, in Jackson township, in said county. The record discloses that on September 29, 1905, three days before the beginning of the October session of the board of commissioners of that year, there was filed with the auditor of the county a general, or blanket, remonstrance against the granting of a license to any and all persons to sell intoxicating liquors in said township. This remonstrance, as it appears, was signed by a majority of the legal voters of said Jackson township, and by the lower court was held to be valid. On May 3, 1907, three days before the beginning of the May session of the board of commissioners, there was filed with the county auditor another general, or blanket, remonstrance, similar in all respects to the one filed on September 29, 1905.

This remonstrance was signed by Marvin J. Arford and 259 other persons, all of whom are appellees in this appeal, and who, as held by the lower court, constituted a majority of the legal voters of said township at the time the remonstrance was filed. The board of commissioners, at the hearing before it, appears to have regarded the remonstrance of May 3, 1907, as controlling in the case, and on October 19, 1907, denied the application for a license and dismissed the same, over the objections made by appellant in respect to the validity of the remonstrance. From this decision appellant appealed to the Huntington Circuit Court. Subsequently the cause was venued to the Wells Circuit Court. In the latter court appellant renewed his objections, motions, answers, etc., which he had made and presented to the board of commissioners. All of these, however, were overruled by the trial court. Upon a hearing the court made a special finding of facts, with conclusions of law thereon. Several motions in respect to the special findings were made by appellant and overruled by the court. Among other things in its special findings, the court found that a valid blanket remonstrance had been filed on September 29, 1905, and that thereby the board of commissioners was deprived of the power of granting a license to any person to sell intoxicating liquors in Jackson township for a period of two years, said remonstrance expiring on September 29, 1907. It also found that a remonstrance was filed, as heretofore stated, on May 3, 1907, and the court stated as one of its conclusions of law that this latter remonstrance was, and had been since its filing, a valid remonstrance, and it regarded the same as controlling the application.

Over appellant's motion for a new trial, wherein various reasons were assigned, the court rendered its decision, adjudging that said remonstrance of May 3, 1907, was a valid remonstrance since the date of its filing, and on account thereof denied and rejected appellant's application for license, and that the remonstrants recover of appellant their

costs laid out and expended. From this judgment he has appealed, and assigns numerous alleged errors. His counsel have filed a voluminous brief, wherein many questions claimed to be presented by the record are argued. They insist that the remonstrance of May 3, 1907, was unauthorized, because it was filed before the expiration of the first remonstrance of September 29, 1905, and that the two remonstrances could not stand and operate together. It is asserted that at least this latter remonstrance could not affect, or in any manner operate upon, the jurisdiction of the board of commissioners until September 29, 1907, on which date the first remonstrance expired. Consequently it is claimed that the withdrawal, as shown by the record, of the names of some thirty-eight or more persons from said remonstrance, thereby reducing the number remaining below that prescribed by the statute, should be sustained. This right of the remonstrators to withdraw, the lower court denied, and this ruling is one of the many points raised and discussed by appellant in his brief.

Among other questions presented and argued, are: (1) whether the person who signed the names of appellees to the remonstrance in question was duly authorized to do so as attorney in fact; (2) his right to serve as such under his original appointment for a period longer than two years, without being reappointed; (3) whether, under the facts, certain remonstrators were legal voters of the township at the time the remonstrance in question was filed. In fact, appellant's brief discloses that the record fairly "bristles" with points on the rulings of the trial court. But notwithstanding the fact of the important questions involved herein, appellees appear to be content to rest upon the favorable rulings of the lower court and the victory won by them over appellant, and to permit the case in this court, so far as they are concerned, to go by default; or, in other words, to leave us wholly unaided by them or their counsel in solving and properly deciding the questions presented, for they have

neglected to file any brief or argument whatever in behalf of their side of the controversy. This appeal was submitted on August 10, 1908, and on September 28, next following, appellant filed his brief, but appellees, from that date to the present time, have not only failed to file a brief, but have offered no excuse whatever for their neglect in this respect. Therefore they have subjected themselves to the rule declared by this court in *Berkshire* v. *Caley* (1901), 157 Ind. 1, which affirms that where in an appeal to this court the appellee fails to file a brief within the time allowed in support of the judgment of the lower court, such failure may be accepted and deemed to be a confession of the errors assigned by appellant, and the Supreme Court, in the exercise of its discretion, may reverse the judgment at the cost of appellee, without considering the appeal on its merits. This rule has been enforced in the following cases: *Neu* v. *Town of Bourbon* (1901), 157 Ind. 476; *People's Nat. Bank* v. *State, ex rel.* (1902), 159 Ind. 353; *Union Traction Co.* v. *Forst* (1904), 162 Ind. 567; *Moore* v. *Zumbrun* (1904), 162 Ind. 696; *Miller* v. *Julian* (1904), 163 Ind. 582. In the case last cited we said: "This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee. The rule is not a hard and fast one, but is enforced only within the discretion of the court."

Without passing upon any of the questions presented by appellant, the judgment below is reversed, at the cost of appellees, without prejudice to either party, and the cause remanded to the lower court for a new trial and further proceedings.