## Vandalia Railroad Company *v.* Baker, Guardian.

[No. 7,797.   Filed January 10, 1912.   Rehearing denied March 15, 1912.   Transfer denied April 5, 1912.]

1. TRIAL.—*Instructions.—Railroads.—Street Crossings.—Care Required.*—In an action against a railroad company for personal injuries received at a street crossing, an instruction that it was the duty of defendant to give timely warning of the approach of the train to the crossing, whether or not there was a statute or ordinance requiring it to do so, and that any failure to exercise such care, if shown to exist, was negligence on the part of defendant, was not erroneous where there was another instruction which informed the jury as to the statutory duty of the defendant to give warnings at crossings.   p. 187.

2. APPEAL.—*Review.—Instructions.—Harmless Error.*—A cause will not be reversed because of an erroneous instruction, if, in view of the evidence, the error was harmless.   p. 187.

3. TRIAL.—*Instructions.—Refusal.—Covered by Other Instructions.*—The refusal of a requested instruction is not erroneous where its subject matter is covered by other instructions given.   p. 187.

4. TRIAL.—*Instruction.—Comparing Evidence.—Refusal.*—An instruction, in an action to recover for injuries received at a railroad crossing, which told the jury that it was its duty to reconcile any conflict or apparent conflict in the testimony, and that in doing so it could consider that a person may hear the sound of a whistle or a bell, and not be conscious of hearing such sound, was properly refused as invading the province of the jury.   p. 188.

5. TRIAL.—*Duty of Court and Jury.*—It is the duty of the judge to instruct the jury as to matters of law, and of the jury to decide the facts of the case.   p. 188.

6. TRIAL.—*Instructions.—Positive and Negative Evidence.—Weight.*—The jury may not be told that positive evidence is to be given more weight than negative evidence.   p. 189.

7. EVIDENCE.—*Positive Evidence.*—Where witnesses, who were looking at a train as it approached a crossing and had their attention directed to it, testified that no warning of its approach to the crossing was sounded, the evidence was positive evidence.   p. 189.

8. APPEAL.—*Depositions.—Motion to Strike Out.—Record.—Bill of Exceptions.*—A motion to strike out the answers to certain questions in a deposition, not made in the manner required by §662 Burns 1908, Acts 1903 p. 338, does not become a part of the record under the provisions of §663 Burns 1908, Acts 1903 p. 338,

and, unless brought in by a bill of exceptions, no question as to the court's ruling thereon can be presented. p. 189.

9. RAILROADS.—*Crossing Accident.—Negligence.—Contributory Negligence.—Evidence.*—In an action to recover for injuries received in a crossing accident, where the evidence showed that a freight-train was standing on a track near the crossing with its head-light burning and thrown toward the crossing, that its engine was emitting steam and otherwise making noise, that the train which caused the injury approached the crossing at a rate of forty miles per hour and without sounding a whistle or gong, that the injured party stopped his team about fifty feet from the crossing and looked and listened, and neither seeing nor hearing an approaching train, proceeded slowly toward the crossing and in so doing continued to look and listen, that between the crossing and the point where the injured party stopped there were places where the headlight of an approaching train might have been seen some distance and at other places it could not have been seen because of freight-cars and other obstructions, that the freight-train attracted his attention somewhat and that he did not see the approaching train until too late to avoid the injury, such evidence was sufficient to warrant the jury in finding that the defendant was negligent in the operation of its train at the crossing and that the injured party was free from contributory negligence. p. 190.

10. APPEAL.—*Review.—Verdict.*—Where there is some evidence to support the verdict, it will not be disturbed on appeal. p. 192.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by John C. Baker, as Guardian of Marion S. Payton, against the Vandalia Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel O. Pickens* and *Owen Pickens,* for appellant.
*Will H. Pigg* and *John E. Sedwick,* for appellee.

IBACH, P. J.—Appellee recovered judgment for damages for personal injuries received by his ward while crossing appellant's railroad on a street in the town of Paragon, Morgan county, Indiana. The complaint charged negligence of appellant in permitting lumber to be stacked on its right of way and box-cars to stand on the siding in such a manner as to obstruct the view of the track near the crossing, and in running a train at a rapid and reckless rate of speed, omit-

ting to give any signal or notice of its approach to the crossing.

The errors relied on for reversal arise out of the overruling of appellant's motion for new trial.

It is contended that instructions two and three, following, given at appellee's request, are erroneous.

"(2)   While I have instructed you as to the duty and care of said Payton in approaching the crossing on Main street where he was injured, it was the duty of said defendant to give timely warning of the approach of its locomotive and train of cars on said track to the plaintiff while approaching said street crossing, and this defendant was bound to do, whether or not there was a statute or ordinance requiring signals to be given at said street crossing, and any failure to exercise this care required on the part of said defendant at said street crossing, if shown to exist in this case, was negligence on the part of said defendant."

"(3)   In this case, the degree of care required of said defendant while approaching the street crossing where plaintiff was injured, was commensurate with the known dangers of the particular situation created by its use of said street.   The defendant had a right to occupy said streets with its tracks and to use them for the purpose of moving its locomotives, cars and trains over and along said tracks crossing said street; but it had no exclusive right, except to run its locomotives, cars and trains on its said track over said street crossing, and the law imposes upon the defendant the duty of using and managing its locomotives and trains of cars on and over its line of road crossing said street in such a manner as not to injure others who were themselves lawfully using said street and said street crossing; and the running of its locomotives and trains of cars at a high rate of speed over said street crossing without giving reasonable notice and warning of the approach of its locomotives and cars by ringing a bell or sounding a whistle would subject said defendant to liability to the plaintiff, if said Payton was injured while cross-

ing said street, and without any fault or contributory negligence upon his part.''

Instruction two is identical · with an instruction approved by this court in the case of *Pittsburgh, etc., R. Co.* v. *Lynch* (1909), 43 Ind. App. 177, 179, 87 N. E. 40. In the present case, as in that case, another instruction informed the jury as to the statutory duty of the railroad company to give warnings at crossings. Instruction three embodies the language of the instruction approved on pages 180 and 181 of the opinion in the Lynch case. The reasoning in that case is based mainly on the case of *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 70 N. E. 985. We are convinced that the opinion in the Lynch case states the law correctly, and is well grounded on precedent, and we see no reason to alter the position there taken. The instruction in this case, however, is erroneous at least in omitting the essential element of the failure of duty causing the injury, which appears in the two cases cited, but in view of the evidence was harmless.

Error is assigned in failing to give at appellant's request instruction nineteen, following: ''In determining whether the whistle was sounded or the bell was rung for the crossing, you should consider all the evidence bearing upon the question; the testimony of witnesses who say they did not hear the whistle or the bell, as well as the testimony of the witnesses who say they did hear the whistle or the bell, and you are the exclusive judges of the weight you will give such testimony. It is your duty to reconcile any conflict or apparent conflict in such testimony, if you can do so, and in doing so you may consider that a person may hear the sound of a whistle or a bell, and not be conscious of hearing such sound.''

This instruction, in so far as it applies to the duty of the jury to reconcile conflicting evidence, is included in the court's able and complete instruction twenty-nine, as follows: ''In this case you accept the law as

given you by the court, but you are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to their testimony. If there is real or apparent conflict in the evidence, it is your duty to reconcile that conflict so that all may stand if it can be done, then it is your province to determine what you will accept as true and what you will reject as false. In determining what weight you will give to the testimony of a witness, you may consider all his evidence, whether it is reasonable or unreasonable, sustained or unsustained, whether it is corroborated by other credible evidence, the knowledge which the witness has of the facts about which he testifies, the intelligence of the witness, whether or not the witness has been impeached, his opportunity for knowing or recollecting the facts about which he testifies, his manner upon the stand, any bias or prejudice he may have exhibited toward or against plaintiff or defendant, his interest, if any, in the suit, and any and all other facts and circumstances in evidence, which in your minds go to increase or diminish the weight of such evidence.''

In so far as instruction nineteen told the jury how to compare conflicting evidence, it was erroneous, and rightly refused as invading its province. *Wood* v. *Deutchman*

4. (1881), 75 Ind. 148. It is the duty of the judge to instruct the jury as to matters of law, its duty to decide the facts of the case. By the last clause of the instruction requested, the jury would have been instructed, not on a matter of law, but on a matter of fact of general knowledge, and the judge would clearly have been out of his prov-

5. ince, and would have invaded that of the jury. The last clause of this instruction ''does not contain a single proposition of law, but only declarations of supposed facts, which common experience has perhaps established as true. The teachings of experience on questions of fact are not, however, doctrines of law, which may be announced as such from the bench, nor yet are they matters of proof to be

shown as other facts in the case. They may well enter into the arguments of attorneys, one side claiming that experience teaches one thing, and the other side asserting another conclusion, but the jury, not the judge, is the arbiter of such contentions, as of all questions of fact." *Garfield* v. *State* (1881), 74 Ind. 60. See, also, *Finch* v. *Bergins* (1883), 89 Ind. 360; *Lewis* v. *Christie* (1885), 99 Ind. 377; *Indianapolis St. R. Co.* v. *Taylor* (1905), 164 Ind. 155, 72 N. E. 1045; *Muncie Pulp Co.* v. *Keesling* (1906), 166 Ind. 479, 76 N. E. 1002.

Counsel for appellant have cited some cases from other states in which the judge has been permitted to instruct the jury as to the comparative weight of positive and negative evidence, but in Indiana the jury may not be told that positive evidence is to be given more weight than negative evidence. *Ohio, etc., R. Co.* v. *Buck* (1892), 130 Ind. 300, 30 N. E. 19. In the case at bar the testimony of appellee's witnesses, that the whistle was not blown for the crossing and the gong was not sounded, is not all negative evidence for some of these witnesses were looking at the train and had their attention directed to it, and one, at least, was listening particularly to hear the crossing whistle, for reasons connected with the business. Such evidence is positive evidence. *New York, etc., R. Co.* v. *Robbins* (1906), 38 Ind. App. 172, 76 N. E. 804.

Appellant contends that the court erred in overruling its motion to strike out the answers to certain questions in the deposition of witness Joseph Steirwalt. Though appellant's motion appears in the record, it is not in the bill of exceptions, and appellee cites *Smith* v. *Kyler* (1881), 74 Ind. 575, 579, to the effect that a motion to suppress depositions or parts thereof is no part of the record unless made so by bill of exceptions. Appellant claims that under §3 of an act of April 23, 1903 (Acts 1903 p. 338, §663 Burns 1908) which was passed after the decision in the

Kyler case, and which provides that certain motions shall be a part of the record without being incorporated in a bill of exceptions, its motion is properly in the record.

Section 2 of the act of 1903, *supra* (§662 Burns 1908), provides "that every motion to insert new matter or to strike out any part or parts of any pleading, deposition, report or other paper in the cause shall be made in writing and shall set forth the words sought to be inserted or stricken out." It has been held by the Supreme Court in *Crystal Ice Co.* v. *Morris* (1903), 160 Ind. 651, 67 N. E. 502, and by this court in *Lindley* v. *Kemp* (1906), 38 Ind. App. 355, 76 N. E. 798, that this statute is mandatory, and is to be interpreted literally according to its terms, which are that such motions must be in writing, and must set forth the words sought to be inserted or stricken out, and that it is not sufficient to indicate these words by showing in what lines and pages of a pleading or other paper they may be found. Under this section the motions made by appellant to strike out the answers to certain questions in the deposition of Joseph Steirwalt are fatally defective, because they do not set forth the words sought to be striken out, and because it appears that they were made orally, for there is no record of their being filed as written motions. Had written motions setting forth the words sought to be stricken out, in compliance with §662, *supra,* been filed in the cause, they would have been properly in the record without being included in a bill of exceptions, under §663, *supra,* but since appellant's motions were not made in the manner prescribed, error cannot be predicated of the court's ruling thereon. But we may add, that having considered the evidence sought to be stricken out, in our opinion, it was properly admitted.

It is also contended that the evidence does not support the verdict. The evidence discloses that at the place of the accident the railroad runs in a northeast and southwest course, on a straight line for some distance southwest of the crossing, and making an angle of sixty-

seven degrees with the north and south street on which Payton was traveling. Payton when struck was driving north along this street in a farm wagon drawn by two horses, and the train which struck him was coming from the southwest. At this crossing there were three tracks—a main track, passing track, and sidetrack. The train which struck Payton was running on the main track, the one farthest to the northwest. At the time of the accident a westbound freight-train was standing on the middle track, with the headlight burning and thrown toward the crossing, and its engine was emitting steam and otherwise making a noise. There is evidence to the effect that appellant's train was moving at the rate of forty miles per hour when it passed the crossing, and that no whistle was sounded or gong rung for the crossing. One of the heavy horses attached to the wagon was carried by the train from 150 to 200 feet from the crossing, and the other from 40 to 60 feet. The witness who was in company with Payton at the time of the accident testified, and this is not contradicted, that when about fifty feet from the crossing the team was stopped, and they both looked and listened for an approaching train. At that time no train was in sight, and none could be heard. From that point they proceeded in a walk toward the crossing, and both continued to look and listen, but did not see nor hear any indication of an approaching train. Between the point where they first stopped and the crossing it appears that there were some places where the headlight of an approaching train might have been seen some distance down the track, and at other places it could not have been seen on account of the presence of box-cars on the siding, piles of lumber, ties, tomato crates and other obstructions. The freight-train to the east attracted their attention somewhat; they looked both ways, but did not see the train which struck them until on the track, too late to avoid collision.

We shall not review the evidence further. The finding of the jury, by its verdict that defendant was negligent in the

operation of its train at the public crossing where the injury took place, is amply supported by the evidence of many witnesses. As to whether there was contributory negligence on the part of Payton, the evidence is not so clear. However, it does not necessarily follow that because at some points, while traveling the distance from the place where Payton stopped to the track where he was struck, the train may have been in the view of a person looking for it, that it was actually seen by him, or that he is chargeable with having seen it, there being nothing in the record to indicate that when he was passing any of such open places the train was in the range of his vision. There were other points, as appears from the evidence, at which it could not have been seen on account of numerous obstructions. And because the questions of fact in this case may be surrounded with some doubt, will not justify this court in disturbing the verdict of the jury. It must be conceded that men might differ as to whether or not Payton was guilty of some negligence contributing to his injury, but a jury of twelve intelligent men, after having heard all the evidence in the case, and after having been instructed fully, and with more than ordinary care and clearness on the subject of contributory negligence, has said by its verdict that he did not by his conduct contribute to his injury which he was shown to have received. The determination of these questions controls this court where there is some evidence on which such verdict could properly be based, and the present record contains sufficient evidence authorizing the conclusion.

Judgment affirmed.

Note.—Reported in 97 N. E. 16. See, also, under (1) 33 Cyc. 1137; (2) 38 Cyc. 1809; (3) 38 Cyc. 1711; (4) 38 Cyc. 1646; (5) 38 Cyc. 1594; (6) 38 Cyc. 1739; (7) 17 Cyc. 801; (8) 2 Cyc. 1061, 1066; (9) 33 Cyc. 1087, 1093; (10) 3 Cyc. 348. As to the duty of a railroad company to persons crossing in front of its moving train, see 20 Am. St. 114. For a discussion of the weight of positive and negative testimony as to locomotive and street car signals, see 12 Ann. Cas. 1033. On the power of municipal corporations to regu-

late speed of, and signals from, trains at highway crossings, see 17 L. R. A. (N. S.) 561. As to the duty to give crossing signals for the benefit of persons near a crossing, but who are not about to use the same, see 14 L. R. A. (N. S.) 998; 31 L. R. A. (N. S.) 667.