## LEHMAN ET AL. v. CITY OF GOSHEN.

[No. 21,949. Filed March 28, 1912. Rehearing denied June 4, 1912.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessment Liens.—Foreclosure.—Right of City to Maintain Action.—Statute.*—Under §§8711, 8717 Burns 1908, Acts 1905 p. 219, §§108, 112, assessments for public improvements are payable directly to the city, and while §8721 Burns 1908, Acts 1905 p. 219, §116, gives the contractor, or his assignee, or the bondholder, the right to enforce the liens of assessments which are due and unpaid, and does not render the city liable for failing to collect the same, it also recognizes the right of the city to maintain an action to foreclose such liens. p. 56.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Foreclosure of Assessment Liens.—Foundation of Action.—Complaint.—Description of Real Estate.*—Although under §8714 Burns 1908, Acts 1905 p. 219, §109, in an action to foreclose an assessment lien, it may not be necessary that a copy of the assessment be filed with and made a part of the complaint, such assessment is the foundation of the action, and where the real estate affected is not described in the body of the complaint, but a copy of the assessment containing the description was filed therewith and made a part thereof as provided in §368 Burns 1908, §362 R. S. 1881, it may be referred to in order to sustain the complaint. p. 57.

3. APPEAL.—*Review.—Substantial Rights Not Affected.—Harmless Error.*—The fact that real estate affected, in an action to foreclose an assessment lien for public improvements, was described in an exhibit instead of in the body of the complaint did not

Lehman *v.* City of Goshen—178 Ind. 54.

affect the substantial rights of the defendant, and, under §407 Burns 1908, §398 R. S. 1881, would not be ground for reversal. p. 58.

4. MUNICIPAL CORPORATIONS.—*Foreclosure of Assessment Liens.—Pleading.—Answer of Payment.—Sufficiency.*—In an action by a city to foreclose an assessment lien for public improvements, an answer alleging that before the making of the assessment sued on the contractor was paid in full for all claims and demands growing out of and founded on the contract, is insufficient as an. answer that the claim sued on was paid before the commencement of the action. p. 58.

5. PLEADING.—*Answer of Payment.—Sufficiency.*—A plea of payment is sufficient if it alleges generally the payment of the claim sued on. p. 58.

6. MUNICIPAL CORPORATIONS. — *Public Improvements. — Advancement of Contract Price by City.—Assessments.—Collection.*—Advancement of the contract price by a city to a contractor for a public improvement does not pay or satisfy an assessment for such improvement, but the city is entitled to collect the assessment to reimburse itself for the money advanced. p. 59.

7. JUDGMENTS.—*Persons Concluded.—Persons not Parties.*—Where owners of property affected by a public improvement recovered judgment against the contractor quieting their title, such judgment did not bind the city, which was not a party to the action, and was no defense to an action by the city to foreclose the assessment lien for such improvement. p. 59.

8. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrer to Answer.*—Where all the evidence that could have been given under certain paragraphs of answer was admissible under the general denial, the sustaining of a demurrer to such paragraphs, even if erroneous, was harmless. p. 60.

9. APPEAL.—*Record.—Matters Not in Record.*—Where it appears from the transcript that defendants requested the court before the trial to make a special finding of facts, and they were notified by the court that they must comply with Rule 8 of the court, in the absence of such rule in the record, the Supreme Court cannot determine if the court erred in refusing to make the special finding. p. 61.

10. TRIAL.—*Findings.—Failure to Object.—Waiver.*—A request for a special finding of facts was waived where no objection or exception was taken to the action of the trial court in making a general finding. p. 61.

11. PLEADING.—*Motion to Strike Out.—Contents.—Statutes.*—Section 662 Burns 1908, Acts 1903 p. 338, §2, is mandatory in its provision that all motions to strike out must be made in writing and shall set forth the words sought to be stricken out. p. 62.

12. APPEAL.—*Record.—Necessity for Bill of Exceptions.—Motions to Strike Out.*—Where a motion to strike out is not made in compliance to §602 Burns 1908, Acts 1903 p. 338, §2, neither it nor the ruling thereon are in the record, and neither can be considered on appeal, unless made a part of the record by bill of exceptions.   p. 62.

13. APPEAL.—*Record.—Review.—Verity of Record.*—Under the rule importing absolute verity to the record, where the record does not show which part of the complaint was stricken out on motion, the Supreme Court will consider the complaint as found therein.   p. 62.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Action by the City of Goshen against David G. Lehman and another. From a judgment for the plaintiff, the defendants appeal.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*Oscar Jay,* for appellants.

*D. J. Troyer,* for appellee.

MONKS, J.—Appellee brought this action against appellants, who are husband and wife, to foreclose assessments made for the construction of a sidewalk.   Final judgment was rendered against appellants foreclosing said assessments.   The separate demurrer of each appellant to the complaint, for want of facts, was overruled.   This ruling of the court is challenged by the assignment of errors.

It is first insisted by appellants that the contractor who performed the work, and not appellee, is the real party in interest, and that therefore appellee had no right to 1. bring the action.   The cases cited to sustain this contention are not in point, because §3165 R. S. 1881, Acts 1867 p. 33, under which they were brought, made the assessments payable by the property owner directly to the contractor, and not to the city, as is provided in §§8711, 8717 Burns 1908, Acts 1905 p. 219, §§108, 112, which apply to this case.   It is true that §8721 Burns 1908, Acts 1905 p. 219, §116, gives the contractor or his assignee or the bond-

holder the right to enforce the lien of the assessments which are due and unpaid, where the city fails to collect the same, but this does not deprive the city of the right to maintain this action, although under the provisions of §8721, *supra,* it is not liable for a failure to collect said assessments. On the contrary §8721, *supra,* recognizes the right of the city to maintain such an action.

It is next insisted that the complaint is bad because it contains no description of the real estate against which it is sought to enforce said assessments. A copy of the assessments against said real estate is filed with the complaint and made a part thereof as exhibit A, and contains a description of said real estate.

2.

It has been held that such an assessment is the foundation of the action, and must be filed with the complaint as an exhibit, as required by §368 Burns 1908, §362 R. S. 1881. *Van Sickle* v. *Belknap* (1891), 129 Ind. 558, 28 N. E. 305; *City of Terre Haute* v. *Mack* (1894), 139 Ind. 99, 38 N. E. 468; *State, ex rel.,* v. *Myers* (1885), 100 Ind. 487, and cases cited; *Cleveland, etc., R. Co.* v. *O'Brien* (1900), 24 Ind. App. 547, 57 N. E. 47. Said exhibit A may therefore be referred to in determining the sufficiency of the complaint. 1 Works' Practice (2d ed.) §416; *Watson Coal, etc., Co.* v. *Casteel* (1881), 73 Ind. 296, 299.

It is provided in §8714 Burns 1908, Acts 1905 p. 219, §109 (enacted since said cases were decided), concerning the sufficiency of a complaint to enforce the lien of assessments for public improvements made under said act of 1905, that "it shall be sufficient to state in such complaint the day on which the contract was finally let, the name of the street or highway improved, the amount and date of the assessment, that the assessment is unpaid, and a description of the lot or property upon which the assessment was levied."

It may be that under §8714, *supra,* it is not necessary to the sufficiency of a complaint that a copy of the assessment

be filed with and made a part thereof. But whether it is, or not, the action is founded on said assessment, as held in the cases above cited, and when a copy of the assessment is filed with and made a part of the complaint, as provided in §368, *supra,* it may be referred to in order to sustain the · complaint.

Moreover, it is expressly provided in §407 Burns 1908, §398 R. S. 1881, that ''the court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by reason of such error or defect.'' The fact that the real estate was described in the exhibit instead of in the body of the complaint did not affect the substantial rights of appellants, and would not, therefore, under said §407, *supra,* furnish any ground for reversal, even if the same was an ''error or defect in the complaint.'' See, also, §700 Burns 1908, §658 R. S. 1881. It follows that the court did not commit any reversible error in overruling the demurrer of each appellant to the complaint.

It is insisted that the court erred in sustaining appellee's demurrer for want of facts to the second, third, fourth, fifth and sixth paragraphs of the separate answer of each appellant. The second paragraph of answer of each appellant alleged, in substance, that before the making of the assessment sued on, the contractor who constructed said sidewalk was paid in full for all claims and demands growing out of and founded on the contract for constructing the same. This paragraph is not sufficient as an answer of payment. True, a plea of payment is sufficient if it alleges generally the payment of the claim sued on (1 Hogate, Pl. and Pr. §540), but said second paragraph is not such a plea. It does not allege that the claim sued on was paid before the commencement of the action. The allegation is that the contractor was paid the

contract price before the assessment was made. This may be true, and the assessment be due and unpaid.

6.

For aught that appears in said paragraph of answer, appellee may have advanced the contract price for said work to the contractor out of its own funds before the assessment was made. If so, this would not pay or satisfy the assessment made against appellants' real estate. The city would be entitled to collect the assessments to reimburse itself for such payment.

Appellants, however, insist that appellee had no authority to advance the contract price for the construction of said sidewalk to the contractor before the assessments were made or before they were collected, and then enforce the lien of the unpaid assessments against the real estate benefited by said work, because §4292 Burns 1901, Acts 1889 p. 237, was repealed by §9016 Burns 1908, Acts 1905 p. 219, §272. It is not necessary to determine whether §4292, *supra,* was repealed. When appellee advanced the money for constructing the sidewalk, the lien of the assessment was not thereby released, nor was it paid, but the city had the right, even if §4292, *supra,* was repealed, to collect the unpaid assessments by virtue of §§8711, 8717, *supra.*

Even if, on October 23, 1907, after appellee had advanced the contract price of said work to the contractor, appellants recovered judgment quieting their title to said real estate against the contractor, this did not bind appellee, who was not a party to that action, nor was the same a defense to this action.

7.

It is alleged in the fifth paragraph of the separate answer of David G. Lehman, that since May 1, 1907, he has been the owner of the north twenty feet of the land against which it is sought to enforce said lien, and that his wife and coappellant has been since that time the owner of the other part thereof in severalty, and that appellee and the contractor

had full knowledge thereof. The fifth paragraph of answer of his wife is to the same effect.

It is averred, among other things in said complaint, in substance, that appellant David G. Lehman was the owner of all the real estate "described in exhibit A, filed with and made a part of said complaint, and that he agreed with appellee to build a cement sidewalk along the north side of said real estate on the following conditions to wit: Appellee agreed to make the fill necessary to bring the grade for said .cement walk to the proper level and the said Lehman agreed to construct the said sidewalk upon the grade so made by appellee, that appellee made said fill as agreed upon by the city and said Lehman at a cost of $200, that thereupon said Lehman refused to build said sidewalk as agreed." Facts are also alleged to the effect that said David G. Lehman on May 1, 1907, conveyed all of said real estate, except a strip twenty feet wide off of the north side thereof, to his wife and coappellant, without any consideration, for the sole purpose of defrauding appellee.

It is evident, from the allegations of the complaint, that all the evidence that could have been given under said fifth paragraph of answer, even if they were sufficient, was 8. admissible under the first paragraph of each of said appellant's answers, which was a general denial. The sustaining of the demurrers to said paragraphs of answer, even if erroneous, was therefore harmless. *Shanklin* v. *Cooper* (1846), 8 Blackf. 41; *American Express Co.* v. *Southern Ind. Express Co.* (1906), 167 Ind. 292, 314, 315, 78 N. E. 1021; 1 Ind. Dig. Ann., title, Appeal and Error, §1040 (7) a, b; Ewbank's Manual §257.

It follows from what we have said and the authorities cited that no reversible error was committed in sustaining the demurrer to the second, third, fourth, fifth and sixth paragraphs of the answer of each appellant.

It appears from an order-book entry in the transcript that

each appellant requested the court before the trial commenced "to find the facts specially and state its conclusions of law thereon," and that the court notified them at the time that they must comply with Rule 8 of the court prior to the beginning of the argument; that at the close of the evidence appellants had failed to comply with said rule, and that the court, having heard the argument, made a general finding in favor of appellee. No obection or exception was taken to the action of the court in refusing to make a special finding as requested, nor to its action in making a general finding, nor is Rule 8 contained in the record. In the absence of the rule, we cannot say the action of the court, in refusing to make said special finding, was erroneous.

Moreover, as no objection or exception was taken to the action of the court in making a general finding, the request for a special finding was waived. *Shroyer* v. *Campbell* (1903), 31 Ind. App. 83, 67 N. E. 193; *Tague* v. *Owens* (1894), 11 Ind. App. 200, 38 N. E. 541.

Having considered all the questions presented by the statement of points in appellants' brief, and finding no reversible error, the judgment is affirmed.

## On Petition for Rehearing.

Cox, C. J.—Appellant David G. Lehman in his petition for a rehearing states that the part of the complaint set out in the opinion, in regard to his agreeing to build a cement sidewalk along the north side of the real estate involved, and the city making the fill therefor, and as to the conveyance of a part of the real estate by said appellant to his wife to defraud appellee, was stricken out on motion in the court below, and formed no part of the complaint at the time of the trial, citing the page of the transcript where a motion to strike out is copied and the same sustained. Section 2 of the act of 1903 (Acts 1903 p. 338, §662 Burns 1908) provides

that all motions to strike out shall be in writing, and shall set forth the words sought to be stricken out. Section 3 of the act (§663 Burns 1908) provides that such a motion to strike out and the ruling of the court thereon shall be a part of the record without a bill of exceptions. This court held in *Crystal Ice Co.* v. *Morris* (1903), 160 Ind. 651, 67 N. E. 502, that the requirement of §2, *supra,* that the words sought to be stricken out must be set out in the motion, is mandatory, and the motion cannot be made in any other way.

It is evident if the motion is so made that the motion and the rulings of the court thereon are in the record without a bill of exceptions, but if not so made, neither the motion nor the ruling of the court is in the record without such bill of exceptions. Motions to strike out, not complying with §2, *supra,* and the ruling of the court thereon, are governed by the rule declared in *Crystal Ice Co.* v. *Morris, supra,* and cases there cited. And see *Vandalia R. Co.* v. *Baker* (1912), 50 Ind. App. 184, 97 N. E. 16, 18.

The motion to strike out a part of the complaint made by said appellant in this cause, as shown by the transcript, while in writing did not set out therein the "words sought to be stricken out". The motion did not, therefore, comply with the requirements of §2 of the act of 1903, *supra,* and the same and the ruling of the court thereon not being in a bill of exceptions are not in the record and cannot be considered. It follows that the record does not show, as claimed by appellants, that the part of the complaint quoted in the opinion was stricken out on motion. Therefore, under the rule importing absolute verity to the record, this court must consider the complaint as found in the record. *Lindley* v. *Kemp* (1906), 38 Ind. App. 355, 357, 76 N. E. 798, and cases cited. The other questions presented by the petition for a rehearing have been fully considered and determined in the original opinion, and after a careful

review of the same we see no reason to change the views there expressed. The record convinces that a just judgment was rendered by the trial court.

The petition for a rehearing is therefore overruled.

NOTE.—Reported in 98 N. E. 1, 98 N. E. 710. See, also, under (1) 28 Cyc. 1225; (2) 28 Cyc. 1232; (3) 3 Cyc. 443; (4) 28 Cyc. 1236; (5) 30 Cyc. 1254; (7) 23 Cyc. 1280; 2 Am. St. 876; (8) 31 Cyc. 358; (9) 3 Cyc. 176; (10) 38 Cyc. 1957; (11) 31 Cyc. 663; (12) 2 Cyc. 1058; (13) 3 Cyc. 152.