## Indiana Union Traction Company *v.* Swafford.

[No. 22,338.    Filed February 19, 1913.]

1. Pleading.—*Motion to Amend.—Necessity of Writing.*—Under §662 Burns 1908, Acts 1903 p. 338, requiring a motion to insert new matter in a pleading, or strike out any portion thereof, to be in writing, the sustaining of an oral motion for such purpose is error.   p. 281.

2. Pleading.—*Amendment on Oral Motion.—Waiver of Error.*—Error in sustaining an oral motion to amend a pleading is waived by filing a demurrer to the pleading as amended.   p. 281.

3. Carriers.—*Injury to Passengers.—Passenger Alighting from Car.—Complaint.—Sufficiency.*—A complaint alleging that plaintiff, a passenger on an interurban car, before reaching a certain street, requested the conductor to stop the car at such street, that when the car was near such street the conductor announced the stop, that when plaintiff reached the platform the motorman negligently released the brakes, and the car moved rapidly without noise, jar or motion apparent to plaintiff, who was an inexperienced passenger, that it was dark, that she started to alight and that the conductor, knowing her intention and that the car was in motion, failed to warn her of its motion and allowed her to believe that it had stopped, sufficiently showed that the conductor knew that plaintiff intended to step off the car before it stopped.   p. 282.

4. Carriers.—*Injury to Passengers.—Alighting While Car is in Motion.—Contributory Negligence.*—It is not negligence *per se* for a passenger to alight from a slowly moving train.   p. 283.

5. Carriers.—*Injury to Passengers.—Alighting While Car is in Motion.—Duty of Carrier.*—A carrier owes the highest degree of care to set a passenger down safely at his destination, and where the conductor of an interurban car knew that a passenger was intending to alight while the car was running, in the belief that it had stopped, it was his duty to warn her that it was still in motion.   p. 283.

6. Carriers.—*Injury to Passengers.—Alighting While Car is in Motion.—Knowledge by Conductor.—Complaint.*—In a passenger's action for injuries sustained in alighting from a moving interurban car, where from the facts pleaded the duty was cast on the conductor to warn plaintiff that the car was in motion, and the duty to know the speed at which the car was running, it was not essential that the complaint allege that the conductor knew the car was running at a dangerous speed and that he knew that plaintiff was ignorant of the car's movement.   p. 283.

7. TRIAL.—*Answers to Interrogatories.—Defective and Indefinite Answers.—Remedy.*—Where answers to interrogatories submitted to the jury are defective or indefinite, the remedy is to move the trial court, before the jury is discharged, to resubmit to the jury, for answer, such interrogatories as were defectively answered. p. 284.

8. APPEAL.—*Review.—Answers to Interrogatories.—Verdict.*—Overruling a motion for judgment on the answers to interrogatories is not erroneous, where none of the answers raises a conflict with the general verdict on any matter which must be proved to sustain such general verdict. p. 284.

9. APPEAL.—*Review.—Ruling on Motion in Arrest of Judgment.*—Where a complaint contained facts sufficient to constitute a cause of action, a motion in arrest of judgment, grounded on the theory that it did not, was properly overruled. p. 284.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Ida Swafford against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1399 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*J. A. Van Osdol* and *McConnell, Jenkines, Jenkines & Stuart,* for appellant.

*George W. Walters* and *Long, Yarlott & Souder,* for appellee.

MORRIS, J.—Appellee sued appellant for damages for personal injuries alleged to have been sustained by her while a passenger on one of appellant's interurban traction cars. A demurrer was overruled to the second paragraph of complaint, and exception reserved. There was a trial by jury and, at the close of the evidence, on oral motion of appellee, she was permitted by the court to amend said paragraph to conform to the evidence given. The first paragraph was dismissed. Appellant excepted to the ruling of the court in permitting the amendment, and asked, and was granted, leave to file a bill of exceptions, and the same was afterwards filed and made a part of the record. This bill sets out the amendments made and appellant's objections and exceptions. After leave to amend the pleading was granted,

appellant demurred to the paragraph of complaint, as amended; this demurrer was overruled, and such ruling is also assigned as error.

Section 662 Burns 1908, Acts 1903 p. 338, requires a motion to insert new matter in a pleading, or strike out any portion thereof, to be in writing, and it may be conceded that sustaining an oral motion for such purpose was erroneous. *Crystal Ice Co.* v. *Morris*, (1903), 160 Ind. 651, 67 N. E. 502. Appellant, however, by filing its demurrer to the pleading as amended, waived the right to a consideration of such error, and, as the amended pleading superseded the original, it is only appellant's demurrer to the latter that can be considered.

Appellant contends that the complaint, as amended, is insufficient, because it fails to aver, (1) that the conductor knew plaintiff intended to step off the car before it stopped; (2) that the conductor knew plaintiff did not know the car was in motion; (3) that the conductor knew the car was moving at a speed rendering it dangerous for the plaintiff to step off the same. The complaint is long, but among other things alleges that appellee was a passenger on appellant's interurban car, then in charge of appellant's conductor and motorman, running into the city of Logansport, and scheduled to stop at all cross streets, where passengers indicated to the conductor an intention to alight; that 13th street is east of 12th street, and the car was running west; that before reaching 13th street she requested the conductor to stop the car at 12th street, and the latter promised her to do so; that when the car was a short distance east of 12th street, the motorman applied the brakes, and at about the same time the conductor announced 12th street, and thereupon plaintiff arose and passed back through the car; that the application of the brakes caused the car to jerk and lurch; that when appellee reached the rear platform of the car, the motorman negligently released the brakes while the car was moving, and thereupon the jerking ceased but the car continued mov-

ing; that the track was smooth and level, and after the brakes were released, the car moved on rapidly, but without noise, jar or motion, apparent to an inexperienced passenger; that appellee was inexperienced in relation to the motion of interurban cars after the release of brakes; that it was nighttime, and quite dark outside, and appellee was unable, in the use of ordinary care, to observe any motion of the car, and believed it had stopped; that thereupon she started to descend the steps to alight, and the conductor was then standing on the platform a few feet from her, but gave her no warning of the motion of the car, and she passed down the steps and alighted from the car while it was in rapid motion, at a point about 100 feet west of the 12th street crossing, and was seriously injured; that while she passed down the steps to alight, the conductor saw her, and knew the car was in motion, and knew she was intending to alight, but negligently failed to warn her of the car's motion, and she was thereby led to believe the car had stopped before she alighted; that the conductor had ample time and opportunity for warning appellee of her danger, but negligently failed therein. It is averred that plaintiff was free from contributory negligence.

In view of all the facts alleged, including the promise to stop the car at 12th street, the calling of the street, the subsequent release of the brakes, the darkness of the night, the rapid but smooth motion of the car as it was passing beyond the stopping place, and the admitted fact that the conductor saw appellee descending the steps when he actually knew the car was still moving, we think the complaint is not lacking for failure to specifically aver that the conductor knew appellee intended to step off the car before it stopped. Indeed, it is alleged that she did not intend to get off the car before it stopped, but on the other hand she mistakenly thought it had stopped, and was justified in such conclusion by reason of the facts stated.

Appellant owed the highest degree of care to appellee to set her down safely at her destination, and it has been held negligent to induce a passenger to leave a train while in motion, though it is not negligence *per se* for a passenger to alight from a slowly moving train. *Lake Erie, etc., R. Co.* v. *Huffman* (1912), 177 Ind. 126, 97 N. E. 434 and cases cited; *Evansville, etc., R. Co.* v. *Athon* (1893), 6 Ind. App. 295, 33 N. E. 469, 51 Am. St. 303. Under the particular facts alleged here the conductor was chargeable with knowledge that appellee was intending to alight approximately at the place where she did, and, under the facts pleaded, there devolved on him the duty to warn her that the car was still in motion. 1 Nellis, Street Railways (2d ed.) §308; *Fort Wayne Traction Co.* v. *Morvilius* (1903), 31 Ind. App. 464, 68 N. E. 304.

It was not necessary to allege that the conductor knew plaintiff's ignorance of the motion of the car, because, as above said, the facts pleaded cast on appellant's conductor the duty to warn. It was not necessary to allege that the conductor knew the car was running at a speed that rendered it dangerous for appellee to alight. Under the particular circumstances alleged, it was the conductor's duty to know the speed at which the car was running, if dangerous. The complaint is sufficient against the objections urged.

Appellant moved for judgment on the jury's answers to interrogatories submitted. The motion was overruled and this ruling is assigned as error. There is no irreconcilable conflict between the answers and the general verdict, but appellant contends that the answers to some of the interrogatories are defective and indefinite, and others are in conflict with the general verdict and by reason thereof a doubt is raised, on a consideration of the entire record, as to the correctness of the result, and hence a new trial should be awarded.

If appellant filed a motion for a new trial it is not in the record. If some answers to the interrogatories were defective or indefinite, appellant's proper remedy was to

7. move the trial court, before the jury was discharged, to resubmit to the jury, for answer, such interrogatories as were defectively answered. There are no

8. answers that raise a conflict with the general verdict on any matter which plaintiff was bound to prove in order to recover, and consequently the court did not err in overruling the motion.

A motion in arrest of judgment, grounded on the theory that the complaint did not state facts sufficient to con-

9. stitute a cause of action, was properly overruled.

There is no reversible error in the record and the judgment is affirmed.

Myers, C. J., did not participate in the above decision.

NOTE.—Reported in 100 N. E. 840. See, also, under (1) 31 Cyc. 373; (2) 31 Cyc. 751; (3) 6 Cyc. 626; (4) 6 Cyc. 648; (5) 6 Cyc. 600, 611; (6) 6 Cyc. 626; 29 Cyc. 567; (7) 38 Cyc. 1932; (8) 38 Cyc. 1927; (9) 23 Cyc. 827. As to a carrier's duty to inform passenger of a danger he seems likely to expose himself to, see 7 Am. St. 830. As to a carrier's duty in connection with the discharging of a passenger, see 118 Am. St. 471; 43 Am. Dec. 355. As to contributory negligence on the part of passenger, see 118 Am. St. 479. On the question of negligence in getting on or off a moving street car, see 38 L. R. A. 786; 30 L. R. A. (N. S.) 270. As to negligence of passenger in getting on or off moving train, see 22 L. R. A. (N. S.) 741. On the duty of a street-car conductor to see that passenger is off before starting the car, see 11 L. R. A. (N. S.) 140. For the duty to see that passenger has alighted before starting train at station, see 25 L. R. A. (N. S.) 217. As to time allowed passenger to alight, see 4 L. R. A. (N. S.) 140. As to injuries in getting on and off railroad trains, generally, see 21 L. R. A. 354.