## MILLER v. RAY, SHERIFF.

[No. 24,349. Filed February 19, 1924.]

APPEAL.—*Briefs.—Failure of Appellee to File.—Confession of Error.*—The failure of the appellee to file a brief in support of the judgment, when appellant has properly presented the errors assigned so as to show a *prima facie* cause for reversal, will be deemed a confession of error, and warrants the reversal of the judgment without considering the appeal on its merits.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Application by Henry Miller for a writ of *habeas corpus* against Ervin Ray, Sheriff. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Charles D. Hunt* and *Slinkard & Slinkard,* for appellant.

WILLOUGHBY, J.—This was an application for a writ of *habeas corpus* made by complaint duly verified by the plaintiff against the sheriff of Greene county, Indiana. The complaint set forth the plaintiff's cause of action as required by §1163 Burns 1914, §1106 R. S. 1881.

This complaint was filed and a writ was issued to the coroner, September 16, 1922. In such writ, it was ordered that the body of Henry Miller, the plaintiff, be brought into court at 9:00 a.m. September 21, 1922. At that time, the plaintiff filed an affidavit for change of venue from the judge. The change was granted and a special judge appointed. On September 30, 1922, the defendant filed a return to the writ and, on the same day, the plaintiff filed exceptions to such return, which exceptions were overruled. The plaintiff then filed his answer to the return to the writ. On January 20, 1923, the case was tried and taken under advisement and on January 27, 1923, the court made a finding for the defendant and entered judgment on such finding, and from such judgment, the plaintiff appealed.

The plaintiff has assigned as error that the court erred in overruling appellant's exceptions to the return to the writ and that the court erred in overruling appellant's motion for a new trial.

The record was filed in this court on May 25, 1923, and the cause submitted June 24, 1923. The appellant has filed a brief in which the errors assigned have been discussed and presented so as to present to this court

. a *prima facie* cause for reversal. The appellant's brief was filed within the time allowed by the rules of this court for filing such brief. The appellee has not filed any brief and seems to have ignored this appeal altogether.

Rule 21 of the Supreme Court Rules, provides, "That the appellant shall have sixty days after submission in which to file a brief, and that the appellee shall file his brief upon the assignment of errors within ninety days after submission, except that in criminal cases such brief shall be filed within 120 days after submission."

In *Berkshire* v. *Caley* (1901), 157 Ind. 1, it is held that where the appellee fails to file a brief within the time allowed in support of the judgment, such failure may be accepted and deemed to be a confession of the error assigned by the appellant, and the Supreme Court, in the exercise of its discretion, may reverse the judgment without considering the appeal on its merits. In that case the court said, "The appellee has not favored us with a brief or any argument whatever to sustain the judgment below, and we are left wholly unaided, so far as he is concerned, to examine and consider the authorities and argument presented by counsel for appellant. This neglect is to be regretted, and meets our positive disapproval. Where a successful party in the lower court, when the case has been appealed by his adversary to this court, becomes so indifferent or derelict as to fail to prepare and file within the time allowed a brief or argument in support of the judgment assailed, such failure or default upon his part may be accepted and deemed to be a confession of the errors assigned by appellant, and this court, in the exercise of its discretion, may reverse the judgment without considering the appeal on its merits."

This rule was followed in the case of *Neu* v. *Town of Bourbon* (1901), 157 Ind. 476, and, in this last-named

case, the judgment was reversed at the costs of appellee, because of the appellee's failure to file a brief, without prejudice to either party, and the cause was ordered remanded to the lower court for further proceedings. The same rule was followed in *People's Nat. Bank of Princeton* v. *State, ex rel.* (1902), 159 Ind. 353; *Union Traction Co.* v. *Forst* (1904), 162 Ind. 567; *Moore* v. *Zumbrun* (1904), 162 Ind. 696; *Rose* v. *Arford* (1909), 172 Ind. 269; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380; *Eigelsbach* v. *Kanne* (1915), 184 Ind. 62; *Veit* v. *Windhorst* (1915), 184 Ind. 351.

In *Miller* v. *Julian* (1904), 163 Ind. 582, the same rule was followed and, in that case, the court said: "This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee."

In the instant case, in view of the failure of appellee to controvert any of the grounds upon which a reversal of the judgment is sought, we feel justified in regarding his silence and neglect as a confession of error. The judgment is reversed at the costs of appellee, without prejudice to either party, and the cause remanded to the Greene Circuit Court for further proceedings.