GOINES *v.* BROWN, SHERIFF.

[No. 25,668. Filed June 25, 1929.]

*William L. Slinkard,* for appellant.

GEMMILL, C. J.—In the circuit court, the plaintiff, who is now the appellant, filed an application for a writ of *habeas corpus,* as provided in §1183 Burns 1926. He alleged in his complaint that he was unlawfully restrained

of his liberty by the defendant as sheriff and jailor of Greene County. The defendant filed his return to the writ and the plaintiff filed exceptions to the return. The court overruled the exceptions to the return and sustained the defendant's motion to quash the writ. The plaintiff asked the court to grant leave to amend the complaint and writ, which was refused by the court. To this ruling, the plaintiff excepted. The judgment was in favor of the defendant.

The appellant, on appeal, assigns eight alleged errors. The third assignment is: "The court erred in refusing appellant leave to amend the petition and writ of habeas corpus." This is the only assignment of error now relied upon by him.

The appellee has not filed a brief to sustain the judgment rendered in the lower court. This court has held that the failure of the appellee to file a brief in support of the judgment, when appellant has properly presented the errors assigned so as to show a *prima facie* cause for reversal, may be deemed a confession of error, and warrants the reversal of the judgment without considering the appeal on its merits. *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 696; *Miller* v. *Ray* (1924), 194 Ind. 279, 142 N. E. 654. In this cause, the appellant's brief does not make a *prima facie* showing of reversible error, as was done in *Miller* v. *Ray, supra*.

From the record it appears that the request of the plaintiff to be granted leave to amend the petition and writ was made orally. The appellant relies upon §1191 Burns 1926, which provides that amendments may be allowed to writs in *habeas corpus* proceedings, when necessary. It is required by §424 Burns 1926 (Acts 1903, ch. 193, §2), that every motion to insert new matter or to strike out any part or parts of any pleading, deposition, report or other paper in the

cause shall be made in writing and shall set forth the words sought to be inserted or stricken out. This rule is mandatory and such motion cannot be made in any other manner. *Crystal Ice Co.* v. *Morris* (1903), 160 Ind. 651, 67 N. E. 502; *Lehman* v. *City of Goshen* (1912), 178 Ind. 54, 98 N. E. 1, 710; *Indiana Union Traction Co.* v. *Swafford* (1913), 179 Ind. 279, 100 N. E. 840. The request to amend the complaint and the writ was not in writing and did not show the amendments to be made. Therefore it was not sufficient. The ruling of the court refusing leave to amend will not be reversed on appeal unless it appears that the court abused its discretion. 1 Watson's Revision Works' Practice §796. Abuse of discretion by the court is not shown. It was not error to overrule the request for leave to amend the complaint and writ.

The judgment is affirmed.