## COMMERCIAL ACCEPTANCE COMPANY *v.* DUNN.

[No. 14,216. Filed August 11, 1931.]

*Frank King* and *John J. Kelly,* for appellant.

KIME, J.—Action by Commercial Acceptance Company against George Dunn for the recovery of an automobile alleged by appellant to belong to it and unlawfully held by appellee. The cause was tried by a jury and a verdict rendered in favor of defendant (appellee herein). Certain interrogatories were submitted to and answered by the jury, and appellant filed its motion with the court for judgment in its favor on the

answers to the interrogatories, notwithstanding the general verdict. The motion was overruled by the court, who thereupon rendered judgment on the verdict in favor of appellee. The error here assigned is the action of the court in overruling appellant's motion for a new trial, under which appellant presents that the court erred in giving and refusing to give certain instructions. Appellant has also assigned as error that the court erred in refusing to find for the plaintiff and to render judgment for the plaintiff on the interrogatories submitted to the jury and their answers thereto. Appellant has fully briefed the questions sought to be presented before this court, and, in our opinion, has presented a *prima facie* cause for reversal. No brief of appellee has ever been filed, and no excuse has ever been given for his failure to do so.

This court, and also our Supreme Court, has, on numerous occasions, held that when appellant has properly presented the errors assigned so as to show a *prima facie* cause for reversal, and the successful party in the lower court, when the case is brought up on appeal, becomes so indifferent or derelict as to fail to prepare and file, within the time allowed, a brief or argument in support of the judgment assailed, such failure or default upon his part may be accepted and deemed to be a confession of the errors assigned by appellant, and this court, in the exercise of its discretion, may reverse the judgment without considering the appeal on its merits. *Goines* v. *Brown, Sheriff* (1929), 201 Ind. 217, 167 N. E. 124; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 696; *Miller* v. *Ray* (1924), 194 Ind. 279, 142 N. E. 654; *Eigelsbach* v. *Kanne* (1915), 184 Ind. 62, 110 N. E. 549; *Feldman* v. *Elmore* (1928), 88 Ind. App. 355, 163 N. E. 846; *Goldberg* v. *Hauer* (1924), 81 Ind. App. 23, 142 N. E. 125.

Appellant's brief having disclosed *prima facie* revers-

ible error, and appellee having failed to file its brief, this court will, therefore, treat such failure to file a brief as a confession of error, and the judgment of the trial court is reversed, with instructions to sustain appellant's motion for a new trial.