## LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* ESSINGTON.

[No. 3,692. Filed May 17, 1901. Rehearing denied June 28, 1901.]

APPEAL AND ERROR.—*Conclusions of Law.—Exceptions.*—Where a judgment conforms to the conclusions of law, and there is no assignment of error as to the conclusions of law, no question can be presented on appeal as to a motion for judgment. *p. 292.*

INJUNCTION.—*Railroads.—Obstruction of Driveway Under Track.*— Where in a suit to enjoin the obstruction of a driveway under a railroad track, the court found as conclusions of law that defendant railroad had no legal right to fill up, or in any way obstruct plaintiff's driveway, a mandatory order was properly made that the obstruction placed in the driveway be removed, and that the way be restored as it was before the obstruction was placed in it. *pp. 292, 293.*

From Tipton Circuit Court; *C. N. Pollard,* Special Judge.

Suit by Mary Essington to enjoin the Lake Erie & Western Railroad Company from obstructing a driveway under the railroad tracks. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*John B. Cockrum, W. E. Hackedorn, George Shirts* and *R. B. Beauchamp,* for appellant.

*S. D. Stewart, W. R. Fertig, H. J. Alexander* and *Gifford & Coleman,* for appellee.

ROBINSON, J.—Action by appellee to enjoin the obstruction of a driveway under appellant's railroad track. There was a special finding of facts, the correctness of which is not questioned, and conclusions of law, to which no exception was taken. The errors assigned are overruling appellant's motion for judgment, and overruling appellant's motion to modify the judgment and decree so as not to award a mandatory injunction.

Appellant's motion for judgment was properly overruled. The judgment conforms to the conclusions of law and could not have been other than that rendered. No exception was taken to the conclusions of law, and as the judgment follows the conclusions the motion for judgment must be ineffectual. Where a judgment conforms to the conclusions of law and there is no assignment of error as to the conclusions of law, no question can be presented on appeal as to a motion for judgment. *Pfau* v. *State, ex rel.,* 148 Ind. 539.

The conclusions of law were that appellant had no legal right to fill up or in any way obstruct appellee's driveway, and that appellant should be restrained and enjoined from further filling up or in anywise obstructing the way and restrained and enjoined from continuing any and all obstructions placed in the driveway by appellant.

In the decree the court made a mandatory order that the obstruction placed in the driveway by appellant be removed,

that the way be restored as it was before the obstruction was placed in it. This was authorized by the finding and conclusions of law. The decree requires only that the way be restored to its original dimensions. Where there is an unlawful invasion of a party's right, irreparable and continuing in its nature, the court may issue a mandatory injunction. *Brauns* v. *Glesige,* 130 Ind. 167. The modification of the decree asked would have made it at variance with the conclusions of law, to which no exception was taken. Whether a mandatory injunction will be decreed in any case is a matter largely in the discretion of the court, but in the case at bar the finding and conclusions of law show that serious damage would result to appellee from withholding that relief. In such a case a mandatory injunction is proper. 1 High on Inj. (3rd ed.) §§2, 708; *In re Lennon,* 166 U. S. 548; *Lynch* v. *Union Inst., etc.,* 159 Mass. 306; *Wheelock* v. *Noonan,* 108 N. Y. 179, 2 Am. St. 405.

Judgment affirmed.