## Shroyer *v.* Campbell et al.

[No. 4,364.   Filed April 30, 1903.]

TRIAL.—*Special Finding.—Request.—Waiver.*—It is the duty of the court to find the facts specially upon proper request, but the right to a special finding may be waived by the party requesting it after the request is made.  *p. 84.*

SAME.—*Special Finding.—Request.—Waiver.*—A request for special findings will be presumed, on appeal, to have been waived, where, without any, objection made or exception taken, the court made a general finding and rendered a decree thereon.  *p. 84.*

JURY.—*Right to Jury Trial.—Abatement of Nuisance.—Injunction.*—A party is not entitled to a jury trial as of right in a suit to enjoin and abate a nuisance.  *p. 85.*

NUISANCE.—*Evidence.—Harmless Error.*—In a suit by tenants who occupied a part of a building as storerooms against a tenant of another part of the building to enjoin and abate a nuisance consisting of a stairway which cut off light and ventilation from plaintiffs' rooms, and offensive and unhealthful odors created by defendant, there was no reversible error committed in permitting evidence to be introduced as to the rental value of the rooms occupied by plaintiffs if the premises were free from the annoyances about which complaint was made, where mere nominal damages were awarded; nor was defendant harmed by evidence showing the annual volume of business done by plaintiffs.  *pp. 85, 86.*

SAME.—*Evidence.*—In a suit by tenants who occupied a part of a building as business rooms against tenants of another part of the building to abate a nuisance created by the latter consisting of an obstructing stairway and certain offensive and unhealthful odors, evidence that these odors were the subject of comment by plaintiffs' customers was competent as showing the nature and extent of the nuisance complained of, and the effect upon plaintiffs' business.  *p. 86.*

SAME.—*What Constitutes.*—The erection of a stairway by tenants of a building so as to obstruct the rear entrance to rooms occupied by other tenants, and the creation of offensive odors by cooking, and by throwing refuse matter in the alley in the rear of the building, constitute a nuisance within the meaning of §290 Burns 1901.  *pp. 86, 87.*

SAME.—*Mandatory Injunction.—Discretion of Court.*—In a suit to abate a nuisance, and for an injunction, a mandatory order that a stairway which obstructed an entrance to plaintiffs' rooms be removed will not be reversed, where no abuse of discretion is shown.  *p. 87.*

Shroyer *v.* Campbell.

APPEAL AND ERROR.—*Decree Not Sustained by Evidence.*—*Motion to Modify.*—Where any part of a decree is not sustained by the evidence, the remedy is by motion to modify; and where no motion was made to modify, the question can not be reviewed on appeal. *pp. 87, 88.*

From Henry Circuit Court; *W. O. Barnard,* Judge.

Suit by Thomas L. Campbell and another against James K. Shroyer. From a decree for plaintiffs, defendant appeals. *Affirmed.*

*F. E. Beach* and *Wm. A. Brown,* for appellant.
*M. E. Forkner* and *G. D. Forkner,* for appellees.

ROBINSON, J.—Suit by appellees to enjoin and abate a nuisance. When the case was submitted to the court for trial, and before the beginning of the evidence, appellant filed a written request for a special finding of the facts. The court made a general finding, upon which a decree was rendered.

It is the duty of the court to find the facts specially upon a proper request, but this right to a special finding might be waived by the party after the request is made. And it will be presumed to have been waived where, without any objection made or exception taken, the court makes a general finding and renders thereon a decree. After the evidence was heard, the court may have inadvertently made the general finding, and the action of the trial court can not be reviewed without first having given the court an opportunity to correct the error. See *Tague* v. *Owens,* 11 Ind. App. 200.

At the proper time appellant demanded that the issues of fact be tried by a jury, which was refused. The code provides that "Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court." §412 Burns 1901. As a complaint for injunction invokes the equity powers of the court, a trial by jury can not be demanded. Such an action belongs exclusively to

Shroyer *v.* Campbell.

the equitable jurisdiction of courts; and while the court may now, as it could prior to the adoption of the code of 1852, in cases triable by the court, in its discretion, for its information, cause any question of fact to be tried by a jury, yet a party can not demand as of right a trial by jury in such cases. *Helm* v. *First Nat. Bank,* 91 Ind. 44; *Pence* v. *Garrison,* 93 Ind. 345; *Evans* v. *Nealis,* 87 Ind. 262.

The building occupied by the parties to this suit is a three-story brick building. On the first floor are two store-rooms separated by a stairway leading to the second story, in which is a hallway about four feet wide. Appellees occupy the first and second stories of the east part of the building as a dry-goods store and millinery store, and appellant lives in three rooms in the second story of the west part. In the rear of the building is an open alleyway appurtenant thereto, upon which the building abutted, and into this way opened the rear exits, doors and windows. It is charged that appellant has constructed over this way a room with a stairway leading down in front of the door that leads into this way from the building, completely closing up the door, and cutting off all light and ventilation into the room, and blockading the free use of the way; that appellant cooked in the rooms he occupied, and that the odor, steam, and vapor escaped into and settled on appellees' goods, rendering them unsalable; that he constantly throws into the alley certain described refuse matter, which putrifies, and gives off offensive and unhealthful odors which escape into the store, preventing the use of the windows for ventilation without danger to the health of appellees and their employes. Appellees are tenants under a lease of the rooms, and the acts complained of are a wrongful interference with the use of the rooms, and a special injury to the tenant.

As the amount of damages awarded was nominal, there was no reversible error in permitting evidence to be intro-

duced as to the rental value of the rooms occupied by appellees if the premises were free from the annoyances about which complaint was made. Nor is it made to appear that appellant was harmed by evidence showing the annual volume of business done by appellees.

It was not harmful error to permit one of the appellees to testify that these odors were the subject of remarks by their customers. No attempt was made to prove any statement made by any one. Such evidence was competent as showing the nature and extent of the nuisance complained of, and the effect upon appellees' business.

The statute (§290 Burns 1901) provides that "whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action." There is evidence of the existence of the acts complained of, and that they come within the scope of this statutory provision. Much of the argument in appellant's brief is upon the evidence, but we can not interfere with the court's conclusion upon the weight of the evidence. We quite agree with counsel for appellant that cooking is not a nuisance per se. Nor can it be said that the cooking of onions and cabbage is necessarily a nuisance. And we find nothing in the decree that will prevent appellant from indulging his taste in this respect in such a way as he may see proper. But we are not prepared to say that under no circumstances could a person be prevented from permitting odors and vapors from a kitchen to escape into an adjoining building or room.

"The corruption of the atmosphere," says the author of Wood, Nuisance (3d ed.), §561, "by the exercise of any trade or any use of property that impregnates it with noisome stenches has ever been regarded as among the worst class of nuisances, and the books are full of cases in which any use of property producing these results has been re-

garded as noxious and a nuisance whether arising from the exercise of a trade, or business, or from the ordinary or even necessary uses of the property." In §10 the same author says: "No man is at liberty to use his own [property] without reference to the health, comfort, or reasonable enjoyment of like public or private rights by others. Every man gives up something of this absolute right of dominion and use of his own, to be regulated or restrained by law, so that others may not be hurt or hindered unreasonably in the use or enjoyment of their property. This is the fundamental principle of all regulated civil communities, and without it society could hardly exist, except by the law of the strongest. This illegal, unreasonable and unjustifiable use to the injury of another, or of the public, the law denominates a nuisance." See *Radican* v. *Buckley,* 138 Ind. 582; *Haggart* v. *Stehlin,* 137 Ind. 43, 22 L. R. A. 577; *Grady* v. *Wolsner,* 46 Ala. 381, 7 Am. Rep. 593; *Owen* v. *Phillips,* 73 Ind. 284.

In the decree the court made a mandatory order that the obstruction placed in the alleyway at the rear of the building be removed. From the record the court was authorized to conclude that there had been a wrongful invasion of appellees' rights irreparable and continuing in its nature, and might issue a mandatory injunction. *Brauns* v. *Gleisige,* 130 Ind. 167; *Lake Erie, etc., R. Co.* v. *Essington,* 27 Ind. App. 291. Whether a mandatory injunction will be decreed in any case is a matter largely in the discretion of the court, and we can not say there was any abuse of this discretion in the case at bar. See *In re Lennon,* 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; *Lynch* v. *Union Inst. for Sav.,* 159 Mass. 306, 34 N. E. 364, 20 L. R. A. 842; *Wheelock* v. *Noonan,* 108 N. Y. 179, 15 N. E. 67, 2 Am. St. 405; 1 High, Injunctions (3d ed.), §§2, 708. It can not be said that the court granted appellees any greater relief than they were entitled to under the evidence. Moreover, if any part of the decree is not sustained by the

evidence, appellant should have moved to modify the decree, which was not done. *Wood* v. *State, ex rel.,* 130 Ind. 364.

There is no reversible error. Judgment affirmed.