## CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY v. MYERS.

[No. 8,363.  Filed June 9, 1914.  Rehearing denied December 23, 1914.]

1. NUISANCE. — *Private Nuisance.* — *Presumptions.* — *Damages.* — Where a nuisance is of such a nature as to be abatable when declared unlawful, the court will not presume its continuance, and will award only such damages as accrued prior to the bringing of the action.  p. 461.

2. NUISANCE.—*Private Nuisance.—Damages.*—Where the complaint charged a nuisance in the maintenance of certain stockyards, and the defendant was enjoined from continuing its pens in the unsanitary condition described in the complaint, but was not ordered to remove such pens, the awarding of damages as for a permanent nuisance was justified, in view of conditions described in the complaint which could not be abated except by removal of the pens.  p. 461.

3. APPEAL.—*Review.—Theory.*—Where a complaint was sufficient to authorize a recovery of damages as for a nuisance of a permanent character, and was tried on that theory, such theory will be adhered to on appeal.  p. 461.

4. EQUITY.—*Jury Trial.—Verdict.*—In causes of equitable jurisdiction, questions of fact may be submitted to a jury for determination under §418 Burns 1914, §409 R. S. 1881, but since such causes are for the court to try, the jury can act only in an advisory capacity, and should not be instructed to return a general verdict; the proper method being to state the questions of fact to be determined by the jury by way of interrogatories.  p. 462.

5. TRIAL.—*By Court.*—*Findings of Fact.*—*Necessity.*—In a suit to enjoin a nuisance and for damages, where a timely request for a special finding of facts by the court is made, it is the duty of the court to make a special finding, notwithstanding the issues of fact are also submitted to a jury. p. 463.

6. TRIAL.—*Request for Special Findings.*—*Waiver.*—Where a request for a special finding of the facts is made within the time and in the manner required by the rules of court, and exception is reserved to the overruling of the request, the error is not waived by failure to object to a general finding. p. 463.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by Mary J. Myers against the Chicago, Indianapolis and Louisville Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*E. C. Field, W. J. Buskirk* and *H. R. Kurrie,* for appellant.

*Arthur McCart* and *Mitchell & Mitchell,* for appellee.

IBACH, P. J.—This was a suit against appellant for damages on account of a nuisance maintained by it, and for an injunction abating the nuisance. The complaint avers in substance that defendant is the owner and operator of a line of railway from Louisville, Kentucky, through Salem, Washington County, Indiana, terminating at Chicago, Illinois; that defendant erected stockyards on a certain parcel of land in Salem; that plaintiff owns a lot contiguous to defendant's stockyards; "that she has fenced, built a residence and outbuildings on her said described premises and otherwise beautified the same for a home for herself and family and has for more than six years last past lived in said buildings on said premises and enjoyed her said home with her family; that defendant for many years past has used its said described land for stockyards, a place to corral and load stock upon cars for shipment over its said road and to unload stock shipped to Salem over said road; that for the last past two years, and each date thereof, until the present date, said stockyards have been and are now a nuisance by reason of defendant collecting and permitting

to be collected large herds of cattle, hogs, sheep and horses in said yards and feed and care for same continually therein and negligently and carelessly permitted the manure and decayed matter from said stock to remain in said yards and ferment, putrefy and rot and create an odor or stench which has been all of said time and is now injurious to health, offensive to the senses and an obstruction to the free use of plaintiff's said described property. And that by reasons of said existing conditions flies swarm about said pens or yards in great numbers, and by reason of the close proximity of plaintiff's dwelling to said yards, flies from said pens in great numbers infest plaintiff's residence; that large pools of poison and stagnated water are permitted to continuously be and remain in and about said yards where hogs wallow and cattle wade therein to avoid the numerous flies from their bodies; that the neighing of horses, squealing of hogs, lowing of cattle and bleating of sheep greatly annoy plaintiff as well as the stench and odor from said pools of poison water, manure and decaying matter, which enters plaintiff's residence at all hours of day both day and night to the extent that she is compelled to keep the openings to her said dwelling closed the major part of the time, to the detriment of the health of herself and family and greatly depreciates the value of her said property. That by reason of the maintenance of said stockyards as aforesaid plaintiff has sustained damages in the sum of $1,000, for which amount she demands judgment and further prays the court that said nuisance be abated and that defendant be enjoined from further maintaining and continuing the same, and for all other proper relief.''

Upon appellee's request a jury was impaneled to try the issues of fact, and the jury returned answers to interrogatories, also a general verdict for appellee, fixing her damages at $300. The court rendered judgment on the verdict, and ''further ordered, adjudged and decreed that defendant be and is hereby enjoined from in the future allowing its

pens described in the complaint from continuing in the unsanitary condition described in the complaint.''

Appellant in arguing that the court erred in overruling its motion for a new trial contends that the conditions described in the complaint are merely temporary, and may be abated, that the nuisance is not a permanent one, that in cases of abatable nuisances where injunctions are granted, the proper measures of damages is the reduction of rental value to the time the suit was brought, and therefore the court erred in allowing appellee to prove over appellant's objection the value of appellee's property with the condition existing, and with it removed, also in refusing to instruct the jury that appellee could only recover the reduction, if any, in the rental value to the date of the suit if the averments of the complaint were found to be true. It is undoubtedly the rule in this State in actions where the injury is of such a nature as to be abatable, when declared unlawful, that the court will not presume its continuance, and the damages recoverable are only such as had accrued before action was brought. *Southern R. Co.* v. *Poetker* (1910), 46 Ind. App. 295, 91 N. E. 610; *Cleveland, etc., R. Co.* v. *King* (1900), 23 Ind. App. 573, 55 N. E. 875.

Appellee insists that, although an injunction was granted yet the injury sued for and proved was of such a permanent nature as to justify the awarding of the damages given. We think that in this appellee is correct. The complaint charges a nuisance in the maintenance of the stockyards. Defendant was enjoined from in future continuing its pens in the unsanitary condition described in the complaint. The removal of the pens was not ordered, and there were certain conditions described in the complaint, notably the noises from the animals, which can not be abated except by the removal of the pens, and which can scarcely be said to be termed, "unsanitary conditions". The complaint is loosely drawn, yet we think it sufficient to allow introduction of evidence and recovery in

damages for a nuisance of a permanent nature, and as the cause seems to have been tried on that theory in the lower court, this court will adhere to the same theory.

The court submitted the issues of fact in the case to a jury for determination. This is permitted by §418 Burns 1914, §409 R. S. 1881, and the court did not err in so doing.

4. The cause being one of an equitable jurisdiction in which an injunction was asked, was for the court to try, and there was no right to a jury trial except as to the issues of fact. "The object of such trial by jury, like that of the trial of a feigned issue, is to satify the conscience of the judge. The trial of the cause is by the court. There is but one trial of the cause, and thereof the trial of questions of fact by jury is an incident. The general provisions in relation to trials by the court and the findings, or decisions therein, and to making of motions for new trials and the granting thereof, are applicable to such cases. The questions of fact to be tried by jury should be stated by way of interrogatories, to be answered by the jury. * * * As the court is not bound to submit any questions to the jury, so it is not bound by the answers of the jury. The court may adopt or reject all or any of the answers, and make, upon the evidence, its own conclusion upon the questions submitted to the jury. * * * It is not necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request the court to state the facts in writing and the conclusions of law thereon. R. S. 1881 §551. Such a special finding is appropriate to such a case. It would indicate how far the court adopted, and how far it rejected, the conclusions reached by the jury. * * * Whether the giving of an improper instruction to the jury, or the refusal to give a proper one, would be cause for a new trial in such a case, would perhaps depend on whether the conclusion reached by the jury was adopted by the court. If the finding of the court were upon evidence introduced at the trial before the jury, the improper admis-

sion or rejection of evidence, or the fact that the finding of the court was not sustained by sufficient evidence, would be ground for a new trial, whether the conclusion of the jury were adopted or not." *Pence* v. *Garrison* (1884), 93 Ind. 345. It was improper for the court to instruct the jury to return a general verdict in addition to answers to interrogatories. The jury's power is only to try the issues of fact, and these may be wholly disregarded by the court in making its findings.

Appellant requested, before the evidence was heard, that the court make a special finding of facts. The court refused, and appellant excepts, and in its motion for a new trial, assigns this refusal as error. It was error.

The duty of the court was to make a special finding of facts upon seasonable request, and this duty was in no way changed by the circumstance that the jury found the facts also. *Pence* v. *Garrison, supra; Shroyer* v. *Campbell* (1903), 31 Ind. App. 83, 67 N. E. 193; *Tague* v. *Owens* (1894), 11 Ind. App. 200, 38 N. E. 541. There was no act of appellant which can be construed as a waiver of its right to a special finding of facts, therefore, for the court's failure to make such finding, the judgment is reversed, and the cause remanded for new trial.

## ON PETITION FOR REHEARING.

IBACH, J.—Appellee urges on petition for rehearing that under the decision in *Shroyer* v. *Campbell* (1903), 31 Ind. App. 83, 67 N. E. 193, appellant should be held to have waived its request for a special finding of facts.

The present case can be distinguished from that case, in which it was held that a failure to object to the court's making a general finding is a waiver of the request for a special finding, for in that case it does not appear that the court ever ruled on the request for a special finding, or refused to make one, but merely failed to do so, its only ruling being by taking contrary action.

In the case of *Lehman* v. *City of Goshen* (1912), 178 Ind. 54, 98 N. E. 1, 710, where it was held that failure to object to the court's making a general finding was a waiver of the request for a special finding, the court refused to find specially because the request did not comply with a rule of the court, and no objection was made or exception taken to the refusal. In the present case it appears that the request was made within the time and in the manner required by the rules of the court, that the court overruled the request, and appellant excepted, and at the time prepared a special bill of exceptions, which is a part of the record here. Appellant had a right to a special finding and where as in this case, the court positively refused a proper request, and appellant properly saved the question for review, its failure to object to a general finding was not a waiver. Appellant had done all in its power to secure a special finding.

The petition for rehearing is overruled.

NOTE.—Reported in 105 N. E. 645; 107 N. E. 296. See, also, under (1) 29 Cyc. 1273; (2) 29 Cyc. 1275; (3) 2 Cyc. 670; (4) 16 Cyc. 413, 417; (5) 38 Cyc. 1937, 1956; (6) 38 Cyc. 1990.