BRYAN *v.* POMMERT ET AL.

[No. 16,668. Filed December 5, 1941.]

62

*Wood & Wood,* of Angola, for appellant.
*W. D. Stump,* of Auburn, for appellee.

STEVENSON, J.—The appellee Nevin L. Pommert brought this action against the appellant, Wiley Bryan, and the appellee Ida Mae Bryan, his wife, to recover damages for injuries growing out of an automobile collision.

The complaint was in one paragraph and alleged generally that on the 21st day of February, 1938, the plaintiff was riding in an automobile over and along State Highway No. 27, and traveling from Waterloo to Auburn. The complaint alleges that the pavement was slippery with ice, and, that at a spot about one mile north of the City of Auburn, the said Ida Mae Bryan was carelessly and negligently driving an automobile owned by her husband, Wiley Bryan, at an excessive rate of speed, and while so driving carelessly and negligently turned her said automobile to her left and to the west side of the road and directly in the pathway of the plaintiff, thereby causing said automobiles to collide. The complaint then alleges that "at the time of said collision, the defendant, Ida Mae Bryan, was acting as the agent of the defendant, Wiley Bryan."

The complaint concludes with a description of the injuries which she sustained in this accident, and for which she prayed for damages in the amount of $4,000.00.

An answer in general denial closed the issues, and the case was submitted to a jury for trial. The jury returned a verdict against both husband and wife in the sum of $800.00. Judgment was rendered upon this verdict. A motion for new trial was filed and overruled, and this appeal has been perfected. The only error assigned in this court is the alleged error in overruling the appellant's motion for a new trial. Under this assignment of error, the appellant, Wiley Bryan, first contends that the verdict of the jury is not sustained

by sufficient evidence, for the reason that there is no evidence in the record to establish the relation of agency existing between the appellant and the appellee Ida Mae Bryan, at the time of the alleged injury.

On this phase of the case, the evidence discloses that at the time of the collision the appellee Ida Mae Bryan was driving her husband's automobile, accompanied by her daughter, Katie Lou Bryan, then a senior in high school. They had been to the City of Fort Wayne for the purpose of purchasing some clothing for the daughter. The husband knew of the proposed trip and the proposed purchase of the daughter's clothing, and had consented thereto. The appellant owned a store and restaurant at Crooked Lake in Steuben County, and while in Fort Wayne, the appellee, Ida Mae Bryan, without any instruction from the appellant, and without his knowledge and consent purchased some St. Patrick's Day decorations for use in the store at Crooked Lake. This merchandise was being transported from Fort Wayne to the Crooked Lake store at the time the accident occurred. After the collision, the appellant took charge of this merchandise and used it in the operation of his store for the purposes for which it was purchased.

It is contended by the appellant that these facts are wholly insufficient to establish the relationship of principal and agent between the appellant and the appellee, Ida Mae Bryan. The appellant, therefore, contends that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

It may be noted in the beginning that the common-law liability of a husband for torts of his wife has been changed by statute in this State, and married women are now liable for torts committed by them, the same as if they were unmarried.

§ 38-105, Burns' 1940 Replacement.

The negligence of the appellee Ida Mae Bryan is not controverted; and there is no contention that her act was committed under the direction of or in the presence of her husband, the appellant. Any liability of the appellant for the negligent acts of his wife must, therefore, rest upon the relationship of principal and agent or master and servant. The complaint in this case charges that the appellee Ida Mae Bryan was the agent of the appellant at the time of the injury. For the purpose of this case, we shall attempt to draw no distinction between the relationship of principal and agent or master and servant, so far as liability for torts is concerned. We think the distinction immaterial.

> "There is no basic or fundamental distinction to be drawn between the liability of a principal for the tortious act of his agent and the liability of a master for the tortious act of his servant. In both cases, the liability is grounded upon the maxim of respondeat superior, and in both cases the liability, exclusive of that which results from ratification, is to be determined by considering, from a factual standpoint, the question as to whether or not the tortious act was done while the agent or servant was acting within the scope of his employment. A distinction based upon the difference in control has been suggested, but the distinction has not been maintained by the courts of this country, which have taken agents and servants to be coextensive categories as far as the question of their control by the employer is concerned. . . ." 2 Am. Jur., Agency § 359, p. 278.

In the light of these rules, it is necessary for us to determine whether or not the appellee Ida Mae Bryan was, at the time of the collision, actually in the employment or service of the appellant as an agent or servant. As was said by this court in the case of *Radke* v. *Schlundt* (1902), 30 Ind. App. 213,

223, 65 N. E. 770, in which the husband was sought to be charged with the responsibility for torts committed by his wife:

"For the purpose of charging the defendant as a master with injury of the plaintiff through negligent use of the defendant's property by a third person, it is not enough that such third person was at the time in possession of the property, with the assent of the defendant; but he must have been in the employment or service of the defendant, and under his control therein."

In this case, above cited, the wife had taken the husband's horse and buggy and was driving it to town, making deliveries of butter, eggs, and other products of the farm. In so driving, she negligently injured another. The court held that in performing such service, she was not engaged in the employment or service of her husband. In discussing this relationship, the court concluded as follows, p. 224:

"In her conduct in the management of the affairs within her proper domestic sphere while she is performing her duties as wife, much the same as at common law, she acts with a discretion which does not belong to one standing in the relation of a servant, and is liable for her torts therein as if sole, and her husband is not liable."

It is apparent, therefore, that the appellee, by taking the minor daughter to the City of Fort Wayne to purchase for her necessary clothing, was not engaged in a service for her husband while in the discharge of such duties. The purchase of clothing for the child was a service which was performed by reason of her duties as a wife and mother, and unless the right to control the movements of the car by the husband was shown to exist, the relationship of master and servant cannot be established. The fact that the appellant, as husband and father, might have

also been interested in the purchase of this clothing for the minor daughter and had furnished the money for the same is not in and of itself a circumstance from which agency may be inferred. This question was before the Supreme Court of Utah in the case of *Fox* v. *Lavender* (1936), 89 Utah 115, 120, 56 P. (2d) 1049, 1052, 109 A. L. R. 105, 108.

"The purpose of a trip is material only in so far as it throws light upon the question of agency or the question of who has the right of control during the trip. Many cases have loosely used expressions such as 'for and on behalf,' or 'in the business of,' or 'for the benefit of.' As stated before, the inquiry must be directed to the question of agency in the operation of the car rather than to the question of agency for the accomplishment of some ultimate purpose. In the case of an independent contractor a person may have the right of control over the act to be done at the destination or at the beginning, but another party or the driver himself may have control in the operation of the car during the trip. In the case of a taxicab the fare has the right to control the destination but not to control the operation of it. A guest being taken for a pleasure ride is having something done for his or her benefit or on her behalf but that does not make the driver his or her agent. A husband may take his own car and do an errand for his wife, such as to fetch home a dress from the cleaners, but the wife has no control over the husband's operation of the car during the journey to obtain the dress. The husband may be the agent to procure the dress but not the agent to operate the car. If, in this case, the defendant had given some person some money to take that person's own car to get the dress, such person would have been, in a sense, on the business of the defendant or doing something for or on her behalf, but ordinarily there would be no agency. If I give a pedestrian a lift on my way downtown and when I arrive there find that he is going to the station and drive out of my way to take him to the station and an accident happens during the diversion from my business, that

does not make me the agent of the pedestrian whom I accommodate, I still have the right of control during the journey of diversion. Therefore, the ultimate object of what is to be done at the end of the journey is not controlling, but simply a circumstance to throw light upon the question of whether there was the right of control during the journey. The inquiry must still be directed as to whether an agency existed in the operation of the car, or the more fundamental question of whether there was the right of control on the part of another during the time the car was operated. In the case of *Corn* v. *Kansas City, C. C. & St. J. Ry. Co.* (Mo. Sup.), 228 S. W. 78, where the object was to call for the daughter at the station, the husband owning and driving the car, the wife being in it did not make the wife responsible for the negligence of the husband, although he in a sense was on her business as well as his own; that being the getting of the daughter."

On the question of the right to control as an element in actions of this kind, our Supreme Court has recently spoken. In the case of *Railway Express Agency, Inc.* v. *Bonnell* (1941), 218 Ind. 607, 611, 33 N. E. (2d) 980, the court said: "There can be no recovery under the doctrine of *respondeat superior* where the master had no right or power to command or forbid the act or omission that resulted in the injury."

Under the circumstances disclosed by the record in this case, we cannot say, as a matter of law, that the appellant, as husband of the appellee, had either the right or the power to control the actions of the appellee on the occasion in question. In the absence of such a showing, there can be no liability on the appellant for the negligent acts of the appellee.

The appellee insists, however, that by the act of keeping and using the merchandise which the wife purchased on the occasion in question, the appellant has

thereby ratified the acts and conduct of the appellee, and because of such ratification, has become liable for the torts committed as a part of this transaction.

It is our opinion that the doctrine of ratification has no place in this proceeding. Before an act can be ratified, it must be made to appear that the act of the agent was performed for and on account of the principal, and not on account of the agent himself.

> "The person who acts as agent must purport to be the agent of the principal, and the contract must be made upon the faith and credit of the principal. Ratification means adoption of that which was done for and in the name of another; hence, the contract, at its inception, must purport to be the contract of the principal. It is not sufficient to constitute ratification that the contract may have enured to the benefit of a person sought to be charged as principal." *Minnich* v. *Darling* (1893), 8 Ind. App. 539, p. 544, 36 N. E. 173. See also *Crowder* v. *Reed* (1881), 80 Ind. 1.

There is no evidence in this case to the effect that the appellee Ida Mae Bryan purchased the merchandise in question as agent for the appellant. She purchased it without his knowledge or consent, and on her own responsibility. She paid for the merchandise and took it away with her and the appellant was not known in the transaction. We know of no basis on which the appellant might have repudiated or disaffirmed the purchase of this merchandise. The sale was not conditioned upon his approval, and his subsequent acceptance or rejection of the merchandise was of no legal concern to the seller. Accordingly, there could be no ratification of this transaction as a sale, under the rules governing ratification. Restatement of the Law of Agency, ch. 4, § 82, p. 196; *Jones*

v. *Mutual Creamery Co.* (1932), 81 Utah 223, 17 P. (2d) 256, 85 A. L. R. 908.

The appellant complains of the giving of the court's instruction No. 16, which reads as follows:

"If you find that at the time of the alleged injury Ida Mae Bryan was engaged in performing some service or was returning from Fort Wayne on some service or errand for the defendant, Wiley Bryan, she was then the agent and servant of the defendant Wiley Bryan, and Wiley Bryan would be liable for any negligent act or acts of his said wife, if you find she was negligent."

It is apparent from what we have said that this instruction is erroneous, in that it fails to distinguish between those services which a wife may render her husband as a part of her household and domestic duties and those services which she may render in other capacities. It is further erroneous in that it entirely omits the element of the right to control the actions and conduct of the servant, which is an essential element of the relationship, as heretofore mentioned. For these reasons, the giving of the instruction was erroneous.

It is our opinion, therefore, that the court committed reversible error in overruling the appellant's motion for a new trial. The judgment of the trial court is reversed as to the appellant, Wiley Bryan, and the trial court is instructed to sustain the appellant's motion for a new trial, and to take such further proceedings in this case as are consistent with this opinion.

Judgment reversed.

NOTE.—Reported in 37 N. E. (2d) 720.