HEDRICK ET AL. *v.* TUBBS ET AL.

[No. 18,020. Filed May 22, 1950.]

*McClure, Shenk & Ellis,* of Kokomo, and *Paul Haywood,* of Bloomfield, for appellants.

*Darrel L. Hodson,* of Kokomo, for appellees.

WILTROUT, J.—Appellees sought an injunction against appellants for the purpose of enjoining a nuisance: It was adjudged that appellants "be, and they are, hereby perpetually enjoined from piling or causing to be piled any trash, rubbish, ashes, brush, garbage or filth on the travelled or untravelled portion of West Chestnut Street, in Kokomo, Indiana, or any part thereof, and . . . are further enjoined from building or causing to be built any fires in the places aforesaid."

Appellants' motion for new trial questions the sufficiency of the evidence and the legality of the decision.

The complaint, which appellants concede states a cause of action for an injunction, alleges that appellees own a house and lot on the south side of West Chestnut Street; that the appellants own a vacant lot immediately across the street, on the north side of the street, and that their dwelling house is north of the vacant lot. It is then alleged, among other things, that on certain specific dates appellants deposited rotten apples and garbage on the untravelled portion of the street immediately in front of appellees' house; that for approximately three years appellants have on occasions used such place for depositing garbage, rubbish, ashes, brush, trash and filth, thereby creating a nuisance in that from the decomposed and decayed vegetable and animal matter, noxious vapors and disagreeable and unhealthy odors are generated, essentially interfering with appellees' enjoyment of their property; that on occasions for three years appellants have built trash fires at said place, in which were burned chicken feathers, old rags, rubber, and garbage; that the smoke, dirt, gases, vapors, and noxious odors have settled upon appellees' premises and crept into their dwelling and upon their curtains, clothing, rugs, and furniture, damaging the same and causing discomfort and annoyance to appellees, as well as endangering appellees'

health. It is further alleged that such acts were done maliciously and for the purpose of annoying appellees.

Appellants contend that appellees were not entitled to injunctive relief because the evidence proves that they were at fault; that one who seeks the aid of equity must do equity and come into court with clean hands. It would serve no useful purpose to set forth the evidence in detail. The evidence most favorable to appellees does not support this contention.

Secondly, appellants say that what they did was on their own land, inasmuch as they owned to the center of the street, and they were exercising a right of ownership.

While every man has a right to the free enjoyment and use of his own property, his neighbors have the same rights and privileges and he must so use his property as not to unreasonably hurt or hinder his neighbors' rights to the use and enjoyment of their property. *Meeks* v. *Wood* (1918), 66 Ind. App. 594, 118 N. E. 591; *Albright* v. *Crim* (1933), 97 Ind. App. 388, 185 N. E. 304; *Shroyer* v. *Campbell* (1903), 31 Ind. App. 83, 67 N. E. 193; *Owen et al.* v. *Phillips et al.* (1881), 73 Ind. 284.

The statute, Acts of 1881 (Spec. Sess.), ch. 38, § 709, p. 240; Burns' 1946 Replacement, § 2-505, provides that: "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action." There was evidence of the commission of acts complained of, with such frequency and offensiveness as to come within the scope of this statutory provision. *Shroyer* v. *Campbell, supra.*

Appellants next say that the acts complained of were completed before the trial, and that there was no evi-

dence to support the allegation of the complaint that appellants were threatening to continue the acts. The evidence in this case, however, together with the reasonable inferences which may be drawn therefrom, discloses reasonable grounds for apprehending a repetition of the acts complained of, if not enjoined, and that they are likely to be repeated.

Finally, appellants say that there was a failure of proof that appellees have no adequate remedy at law, and that they have an adequate remedy in an action for damages.

In *Radican* v. *Buckley* (1894), 138 Ind. 582, 38 N. E. 53, the Supreme Court quoted with approval the following language:

"and smoke, noise and bad odors, even when not injurious to health, may render a dwelling so uncomfortable as to drive from it any one not compelled, by poverty, to remain. Unpleasant odors, from the very constitution of our nature, render us uncomfortable, and, when continued or repeated, make life uncomfortable. To live comfortably is the chief and most reasonable object of men in acquiring property, as the means of attaining it; and any interference with our neighbor in the comfortable enjoyment of life is a wrong which the law will redress. The only question is, what amounts to that discomfort from which the law will protect? The discomforts must be physical— not such as depend upon taste or imagination. But whatever is offensive physically, to the senses, and by such offensiveness makes life uncomfortable, is a nuisance."

It is said 39 Am. Jur., Nuisances, § 157, p. 426:

"But a nuisance which operates to destroy health or to diminish seriously the comfortable enjoyment of a dwelling house is in its nature and consequences productive of irreparable mischief for which the law can furnish no adequate remedy."

See also 46 C. J., Nuisances, § 383, p. 772.

This court said in *Fisher* v. *Carey* (1918), 67 Ind. App. 438, 119 N. E. 376:

"Although a party may have a legal remedy, injunctive relief may be granted, if such legal remedy is not as practicable, efficient, and adequate as that afforded. by equity. (Citing cases) Whether a complaining party has a legal remedy which will afford complete justice must be determined under all the circumstances of the case, and in view of the conduct of the parties. (Citing cases) Where there is a legal remedy, equity will frequently grant injunctive relief to prevent a multiplicity of suits."

We conclude that from the evidence the court might properly determine that appellees had no adequate legal remedy.

We find no error, and the judgment is affirmed.

NOTE.—Reported in 92 N. E. 2d 561.