CHAPMAN *v.* BARNETT ET AL.

[No. 19,126. Filed September 15, 1960.]

*Nichols & Nichols,* of Knox, for appellant.
*Paul Reed,* of Knox, for appellees.

MYERS, J.—This is an action for damages to property as the result of fire. It was commenced in the Starke Circuit Court by appellees, Noah and Ida Barnett, as plaintiffs, against appellant, Raymond L. Chapman, and his wife, Margene A. Chapman, as defendants.

In brief, the complaint alleged that plaintiffs were owners of residential property located in the town of Knox, Indiana, which was occupied by them as their home; that on it were certain shade and fruit trees, a

vineyard, a lawn, and 100 fence posts; that defendants were owners of residential property adjacent to and south of plaintiffs' land; that on October 13, 1956, the ground was dry and parched and there was a strong south wind; that defendants lighted a fire in an open wire container and did not tend or watch it; that hot ashes and burning paper blew from the container igniting the grass on defendants' property; that the fire spread to property of the plaintiffs, burning and destroying the trees, vineyard, lawn and fence posts; that defendants knew, or should have known, that such could happen under the circumstances; that plaintiffs were damaged in the sum of $500 by reason of the negligence of the defendants.

An answer in general denial was filed to this complaint. The issues being thus joined, a trial was held before the court, evidence was submitted, and a finding was made in favor of appellees against appellant Chapman and his wife in the sum of $245 and costs. The Chapmans filed a motion for a new trial which was overruled and this appeal followed.

It is to be noted that appellant's wife did not join in the appeal.

The evidence from the record is to the effect that on October 13, 1956, at about 1:30 or 2:00 p.m., appellant's wife took some trash paper outside the house and placed it in an open wire burner or incinerator with a lid and set fire to it. She was standing beside the burner with a rake when her three-month-old baby started to cry in the house. She went inside to take care of the baby, leaving her ten-year-old daughter standing by. Upon looking out the window a few minutes later she saw that the grass was burning and that fire was spreading rapidly across the vacant lot toward the Barnett house. It was so out of control that she called the fire depart-

ment. Neighbors were attempting to put it out. When it was finally extinguished some small shade and fruit trees, a grape vineyard and part of the lawn about the Barnett house had been destroyed. Also 80 or 90 fence posts were burned so as to make them unusable. The fire had done no damage to the Barnett residence.

When the plaintiffs rested their case, appellant, Raymond L. Chapman, moved for judgment on behalf of himself. The court deferred action on this motion until the close of all the evidence and then overruled it. In appellant's motion for a new trial, this ruling is one of the specifications of error. The other specifications relied upon are that the finding of the court is not sustained by sufficient evidence and is contrary to law. The sole assignment of error presented to this court is the overruling of appellant's motion for a new trial.

The only argument made by appellant is to the effect that the court should have entered judgment in his favor at the close of appellees' evidence. He questions the sufficiency of the evidence as to himself alone. We have seen that the trial court found against his wife, Margene A. Chapman, and himself in favor of appellees. Predicated upon the averments in the complaint, this means that the court found Margene A. Chapman *and her husband* guilty of negligence. Appellant contends there was no evidence whatsoever to show that he was negligent in allowing the trash fire to get out of control. Since his wife did not join in this appeal, we must take it for granted that there is no question about her liability for negligence. Appellant argues as a husband he is not liable for his wife's torts as a matter of law, there being no showing in the evidence that she was in his presence or subject to his control or acting under his direction as his agent at the time.

To this argument, appellees respond that the negli-

gence involved herein pertains to the use of property by the owners in such a way that they could reasonably have foreseen injury to their neighbors' property. They base it upon the common-law maxim, *"sic utere tuo ut alienum non laedas,"* or, use your own property as not to injure others. The contention is that the negligent use of their property resulting in injury makes *both* appellant and his wife liable because they are property owners. Appellees state in their brief:

> "This liability does not depend upon any doctrine of agency or implied negligence. Nor does it consist of charging the property owner with his wife's tort or anyone else's tort. *It amounts to charging him with his own act."* (Our emphasis.)

At the trial appellant testified that he and his wife owned the property on which they lived. There was uncontradicted evidence that he had gone to work in LaPorte that day, had taken his lunch with him, and that he was not present at the time the trash was burned.

The question presents itself: Is a husband liable, as a matter of law, for his wife's negligence in allowing a trash fire to get out of control on property owned by them jointly, which fire spread to a neighbor's property and caused damage, when no acts of negligence were proven against him, and his liability is predicated only upon the fact that he owns the property with her as a tenant by the entirety? We think not.

Looking back at the complaint, we find the charges are against *both* appellant and his wife for acts of negligence in carelessly permitting *this one particular trash fire* to spread, thereby causing damage to appellees' property. The facts proving negligence as brought out in the trial related only to appellant's wife. She was performing a household chore which was a customary

and commonplace act and which was entirely under her control and direction. There was absolutely no evidence to prove that appellant had anything to do with it at all.

Appellees' statement of the law pertaining to one's use of his property so as not to invade the rights of others is certainly correct as a general principle, but it does not apply in this situation. We do not believe that the performance of a household act such as this can be considered use of one's property so as to fall within the rule stated above.

The Indiana cases cited by appellees as authority are not in point. In *Button* v. *Pennsylvania R. Co.* (1944), 115 Ind. App. 210, 57 N. E. 2d 444, appellant was injured while riding in an automobile driven by her husband which became enveloped in clouds of smoke thrown off by appellee's steam locomotive which was traveling on tracks nearby, thus causing appellant's husband to miss a curve in the road and strike a utility pole. The charge of negligence was against the railroad company for "unnecessarily" firing its locomotive, thus causing the accident. This court held that such clouds of smoke subjected travelers using public highways in the vicinity to unreasonable risks and conditions unnecessarily dangerous. In the case at bar, we cannot say that burning trash in a metal basket is *unnecessarily* dangerous.

In *Hedrick* v. *Tubbs* (1950), 120 Ind. App. 326, 92 N. E. 2d 561, the trial court issued an injunction against a man and wife as owners of real estate to prevent them from burning trash and rubbish in a street as being a public nuisance. There was a finding by the court that they *both* were at fault. This finding was not challenged in that case as is being done here.

In *Rush* v. *Hunziker* (1940), 216 Ind. 529, 24 N. E. 2d 931, the Supreme Court affirmed a judgment for

damages as a result of negligence in favor of a woman who had visited an unfinished club house at the invitation of the club president. She was injured when she leaned against a temporary porch railing which gave way causing her to fall and receive injuries. The suit was against the independent contractor who was in the process of completing the erection of the building. The owner of the property was not a party to the lawsuit. We do not see how this case is any authority for the appellees' position herein.

It is the law of this state that a husband is not liable for the torts of his wife. Burns' 1949 Repl., §38-105; *Bryan* v. *Pommert* (1941), 110 Ind. App. 61, 37 N. E. 2d 720; *Radke* v. *Schlundt* (1902), 30 Ind. App. 213, 224, 65 N. E. 770, 774. In the last-named case this court said as follows:

"In her conduct in the management of the affairs within her proper domestic sphere, while she is performing her duties as wife, much the same as at common law, she acts with a discretion which does not belong to one standing in the relation of a servant, and is liable for her torts therein as if sole, and her husband is not liable."

The judgment of the trial court is reversed as to the appellant herein, and the court is instructed to sustain appellant's motion for a judgment filed at the conclusion of plaintiffs' evidence.

Ax, P. J., and Cooper and Ryan, JJ., concur.

NOTE.—Reported in 169 N. E. 2d 212.