**FOR PUBLICATION**



FILED

Nov 14 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GREG A. BOUWER**
Koranksy, Bouwer, and Poracky, P.C.
Dyer, Indiana

ATTORNEY FOR APPELLEE:

**DAVID E. WOODWARD**
Woodward & Blaskovich, LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE NOVOGRODER COMPANIES, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1303-PL-98 |
| | ) | |
| MICHAEL J. MASSARO, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable John R. Pera, Judge
Cause No. 45D10-1206-PL-56

**November 14, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

The Novogroder Companies, Inc. ("Novogroder") brought a nuisance and ejectment action against its commercial tenant Michael Massaro ("Massaro"). Novogroder also sought a preliminary injunction to enjoin Massaro from cooking foods at the leased premises. Denied preliminary injunctive relief, Novogroder pursues an appeal of right pursuant to Indiana Appellate Rule 14(A)(5). We affirm.

**Issue**

Novogroder presents a single restated issue for review: whether the denial of injunctive relief is an abuse of discretion.[1]

---

[1]    We re-frame the issue to comport with the order of the trial court presented for interlocutory review. Novogroder suggests that the trial court advanced and consolidated a trial on the merits with the preliminary injunction hearing, pursuant to Indiana Trial Rule 65(A)(2) and thus this Court "may review the merits of the case." Appellant's Br. at 6. Trial Rule 65(A)(2) provides that "[b]efore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

   Novogroder then claims that the trial court improperly considered evidence extrinsic to the lease in resolving a contract dispute. In making this claim, Novogroder cites Indiana law despite the fact that the lease specifies that the laws of Illinois are applicable to enforcement actions. Nonetheless, our review of the record of proceedings indicates that the trial court did not explicitly determine that cooking was a permitted activity under the lease. Rather, the trial court resolved the pre-trial issue presented, namely, whether Novogroder was entitled to a preliminary injunction to abate a nuisance.

   The parties agreed at the outset of the preliminary injunction hearing that they were "not here on the ejectment complaint" and the matter of breach "is going to be reserved." (Tr. 5, 12.) The trial court did not provide notice of any intention to consolidate and its preliminary injunction order did not include a finding as to whether Massaro's culinary conduct was within the contemplated use of the leased property. Rather, the trial court expressly found "those kinds of activities do not create a nuisance [n]or do they unreasonably annoy owners or occupants of neighboring property." (Tr. 170.) The trial court stated: "We will not re-litigate these matters all over again. To the extent they are issues in the complaint, the trial of those [issues] is advanced and is made part of this injunction hearing." (Tr. 171.) We do not find this equivalent to the consolidation of an application for a preliminary injunction and trial on the merits of the multiple-count complaint. See generally Roberts v. Cmty. Hosps. of Ind., Inc., 897 N.E.2d 458, 460 (Ind. 2008) (observing that a trial court must ordinarily provide notice to the parties when it intends to exercise authority under Trial Rule 65(A)(2). The closing argument references to the lease made by Novogroder's counsel did not serve to unilaterally convert the preliminary injunction hearing to a consolidated hearing.

**Facts and Procedural History**

On May 29, 2009, Massaro leased commercial space from Novogroder, located at Dyer Plaza in Dyer, Indiana. Massaro and his wife, Rose, opened The Produce Depot, a fruit and vegetable market. They offered produce and spices for sale, and also baked bread and served soups on the premises.

In 2011, Michael Sena ("Sena") opened Pro Fit, an exercise studio, in Dyer Plaza. In 2012, Christie Gill ("Gill") opened a pet grooming business known as Posh Paws, also in Dyer Plaza. According to George Novogroder ("George"), who managed Dyer Plaza, Sena and Gill had complained to him that the cooking smells from The Produce Depot were offensive. He and Massaro discussed the installation of ventilation, with each apparently agreeing to its desirability and offering to pay a portion of the cost, but asserting that the other had primary responsibility for obtaining a contractor.

On June 12, 2012, Novogroder filed its "Complaint for Injunctive Relief." (App. 231.) The Complaint alleged that Massaro cooked foods without having proper ventilation, and that ensuing smells "create[] a nuisance and unreasonably annoy[] the neighboring tenants of Dyer Plaza." (App. 232.) Count I sought to enjoin Massaro from cooking until he added ventilation. Count II sought Massaro's ejectment for breach of the lease.

On March 6, 2013, the parties appeared for a hearing on preliminary injunctive relief. Sena testified that his customers could detect food smells from The Produce Depot, particularly in the women's locker room, and that food smells can cause nausea during exercise. By affidavit, Gill averred that the cooking smells had "irritated" her and her

3

employees and customers. (Pl. Ex. 2.) Massaro, Rose, and several Pro Fit customers also testified, each denying that intrusive or foul smells were emanating from The Produce Depot. Massaro testified that he had been able to detect food smells from The White Rhino, a bar in Dyer Plaza, and also that the smell of animal urine from Posh Paws had been offensive. More particularly, he recounted instances when Posh Paws employees had stored trash bags of dog waste at one of the vacant Dyer Plaza units.[2] George testified to his dual desires for the success of Massaro's business and tenant harmony; he believed the solution to be additional ventilation installed by Massaro with some financial contribution from Novogroder. By contrast, Rose expressed fear that installing ventilation would subject her and her husband to liability for damage to an already-leaky roof.

At the conclusion of the hearing, the trial court denied preliminary injunctive relief to Novogroder, stating in pertinent part:

> My finding, by the greater weight of the evidence, is that the those [sic] kinds of activities do not create a nuisance [n]or do they unreasonably annoy owners or occupants of neighboring property. I base that determination on the credibility of the witnesses that I was able to observe testify here today. I – I am not convinced by the greater weight of the evidence, as I must be, that there is a nuisance here, or an unreasonable use on the part of the Massaros that would impact the other tenants. I find it very difficult to believe that the presence of a dog grooming salon, with the testimony I received, credible testimony, of dog waste and urine being present at the premises immediately [next] to Mr. – to the Pro Fitness, and a bar on the other side, to me, it just pales in comparison to what Mr. Massaro was doing on the leased premises. So, the request for injunction is denied.

(Tr. 170-71.) This appeal ensued.

---

[2] This testimony was not contradicted by any other witness.

4

**Discussion and Decision**

To obtain a preliminary injunction, the moving party must demonstrate by a preponderance of the evidence: a reasonable likelihood of success at trial; the remedies at law are inadequate; the threatened injury to the movant outweighs the potential harm to the nonmoving party from the granting of an injunction; and the public interest would not be disserved by granting the requested injunction. Cent. Ind. Podiatry, P.C. v. Krueger, 882 N.E.2d 723, 727 (Ind. 2008). A trial court's grant or denial of a preliminary injunction is reviewed for an abuse of discretion. Id. Injunctive relief is not available where the breach of an agreement can be adequately satisfied by money damages. Id. at 732.

Novogroder claims that it can succeed at trial and in this instance, its threatened injury is significant and breach of contract damages at the conclusion of a trial would be inadequate because tenants are so affected by the nuisance that one has left Dyer Plaza and another has threatened to leave. The trial court's order addressed only the reasonable likelihood of success at trial, essentially finding that Novogroder's witnesses lacked credibility in claiming that, located in the midst of animals and bar smells, they were so adversely affected by the cooking of bread and soups that they were subjected to a nuisance.

In Indiana, nuisances are defined by statute. Indiana Code Section 32-30-6-6 defines an actionable nuisance as: "Whatever is (1) injurious to health; (2) indecent; (3) offensive to the senses: or (4) an obstruction to the free use of property; so as essentially to interfere with the comfortable enjoyment of life or property[.]" A public nuisance is that which affects an entire neighborhood or community while a private nuisance affects only one individual or a

5

determinate number of people. <u>Wernke v. Halas</u>, 600 N.E.2d 117, 120 (Ind. Ct. App. 1992). A private nuisance arises when it has been demonstrated that one party has used his property to the detriment of the use and enjoyment of another's property. <u>Id.</u>

A nuisance may be a nuisance per se, something which cannot be lawfully conducted or maintained (such as a house of prostitution or an obstruction encroaching upon a public highway) or may be a nuisance <u>per accidens</u>, where an otherwise lawful use may become a nuisance by virtue of the circumstances surrounding the use. <u>Id.</u> Whether something is a nuisance per se is a question of law, and whether something is a nuisance <u>per accidens</u> is a question for the trier of fact. <u>Id.</u> A panel of this Court has previously concluded that cooking is not a nuisance per se. <u>Shroyer v. Campbell</u>, 31 Ind. App. 83, 67 N.E. 193, 195 (1903).

Here, Novogroder's complaint concerned a legal use of premises that affected a finite number of people; thus, it alleged a private, <u>per accidens</u> nuisance. "[T]he relevant inquiry is whether the thing complained of produces such a condition as in the judgment of reasonable persons is naturally productive of actual physical discomfort to persons of ordinary sensibility, tastes, and habits." <u>Wendt v. Kerkhof</u>, 594 N.E.2d 795, 797 (Ind. Ct. App. 1992), <u>trans. denied</u>.

The trial court heard evidence that The Produce Depot opened in 2009, offering fresh-baked bread and soup in addition to produce and spices. A commercial sink had been installed with George's approval, and he had complimented the smells arising from the cooking. No witness claimed to have perceived a foul odor emanating from The Produce Depot. At most, it was claimed that a food odor emanated, which could produce nausea

6

during exercise. Notably, however, Sena had opened the gym in Dyer Plaza while The Produce Depot was already open for business. And, despite Sena's claim of food smells hindering exercise, Pro Fit had originally engaged with The Produce Depot in joint customer promotions.

George testified that he was aware that The Produce Depot had a food preparation area and he had smelled food smells, but not foul smells. His primary concern was tenant harmony and he lacked "independent evidence apart from Sena where smells were coming from." (Tr. 67.) In context, the testimony of George and Massaro reveals the actual dispute, something more properly sounding in contract than in nuisance: who should bear the primary responsibility for installing ventilation. In light of the evidence before the trial court, we find no abuse of discretion in its denial of preliminary injunctive relief.

**Conclusion**

The trial court did not abuse its discretion in refusing to grant preliminary injunctive relief to abate a nuisance.

Affirmed.

MAY, J., and BRADFORD, J., concur.

7